ALVIN K. SEAGO, plaintiff in error, *vs.* R. S. POMEROY, defendant in error.

It is error in the Court to charge the jury in a trover case, that a demand and refusal is proof of conversion, it not appearing that the property sued for was in the possession, power, or control of the defendant, at the time of the demand and refusal, but if in such a case there be conclusive proof of a conversion in fact, a new trial ought not to be granted.

When the owner of a past due promissory note placed it in the hands of A for collection, and A sold it to B, and B converted it to his own use:
*Held,* That the true owner might maintain trover for the note against B, and that B got no title by his purchase from the agent.

Trover. Conversion. Promissory note. Before Judge HOPKINS. Fulton Superior Court. October Term, 1871.

R. S. Pomeroy brought trover against Alvin K. Seago for a promissory note made by one A. M. Parker, principal, and W. J. Joiner, security, payable to L. W. Summerlin or bearer, dated January 4th, 1860, and due December 21st, 1860, for $450, with the following credits indorsed thereon, to-wit: March 5th, 1861—Received on this note $20 00. March 5th, 1861—Received on this note $25 00. May 31st, 1861—Received on this note $25 00; which said Seago, on February 22d, 1866, converted to his own use.

It appeared, from the evidence, that plaintiff, on February 22d, 1866, placed the note described in the declaration in the hands of one Joe Beerman, now deceased, for collection and took a receipt, as follows :

"Received, February 22d, 1866, of R. S. Pomeroy, a note signed by A. M. Parker and William J. Joiner, dated January 4th, 1860, payable 25th day of December of the same year as given. The above note is given to me to be collected; if not collected, to be returned to R. S. Pomeroy, when called for.      [Signed]      JOE BEERMAN."

That having heard from Parker, the maker, that it had been in possession of defendant, plaintiff demanded the note from him ; the demand was in writing, made on September

10th, 1867; that defendant refused to deliver up the note, saying that he had purchased it from Joe Beerman; that A. M. Parker was solvent and the note could have been collected; that the demand was before suit brought; that a verbal demand had been made from one to three months before the written; that on June 30th, 1866, defendant called on Parker and requested him to give a new note, which Parker did; that the new note was dated June 30th, 1866, and was for $506 40, with interest from date; that Parker afterward paid off the note, or, rather, the judgment obtained upon it, to the attorneys of McCoy, of North Carolina; that McCoy was plaintiff in *fi. fa.*

The plaintiff elected to take a verdict for damages.

The jury found for the plaintiff $650 20. The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in charging the jury, "that if the testimony showed that the plaintiff was the owner of the note in question, and that he placed it in the hands of Beerman for collection after it had become due, and further, that Beerman did not collect the note but sold it to defendant, and the plaintiff made demand upon defendant for the note before suit brought, and defendant failed to deliver the note, plaintiff is entitled to recover."

2d. Because the Court erred in charging the jury, "that the note itself was *prima facie* evidence of its value, and, unless the proof shows that the note was not worth as much as it called for, plaintiff is entitled to recover the amount of the note, principal and interest, provided he has shown that he is entitled to recover at all."

3d. Because the verdict is contrary to law and to evidence.

The motion for a new trial was overruled by the Court, and defendant excepted and now assigns said ruling as error.

Pope & Brown, for plaintiff in error. The evidence in this case proves both too little and too much for this verdict to stand: 1st. *It fails to prove* that Mr. Seago had possession of the note when the demand was made upon him. A

demand and refusal are not evidence of a conversion unless the thing demanded were, at the time of the demand, in possession of the defendant: Rice *vs.* Clark, 8 Vt., 110; Knapp *vs.* Winchester, 11 Vt., 351; Pale *vs.* Saunders, 16 Vt., 243; Traylor *vs.* Hovell, 4 Black., 2 Ind., 317; Morris *vs.* Thompson, 1 Rich., S. C., 65. The truth is, Seago did not have the note at the time; he had transferred it to McCoy, of North Carolina, who had it in suit. 2d. *It does prove* that Pomeroy waited sixteen months after he gave the note, payable to bearer, to Joe Beerman to collect, and before he mande a demand of Seago, who bought the note without any knowledge of the agency or instructions of Beerman. *Pomeroy, by this delay, has ratified the tort,* if any was committed by Beerman in selling the note instead of collecting it and applying the proceeds: Story on Agency, sec. 255; Symonds *vs.* Atkinson, 37 Eng. L. and Eq., 585; Owelly *et al. vs.* Woolhopter, 14 Ga., 124; Mapp *vs.* Philips, 32 Ga., 72; Code, sec. 2166; for he is presumed, after so long a delay, to have been advised of the acts of his agent, Beerman, for it was the agent's duty to report to him within *a reasonable time* what he had done with the note: Story on Agency, sec. 208. And the presumption is that the agent did his duty. If he did not, Pomeroy was guilty of *laches* in not demanding a report. 3d. The mere delivery of a note payable to bearer, although overdue, is an authority so far as innocent third persons are concerned to act as owner of that note either in selling or collecting it: 11 Foster, 483; 4 Barb., 373; 13 Vt., 540. The evidence shows that Beerman applied to borrow money of Pomeroy, and Pomeroy having none, let him have this note, etc. A note overdue represents so much money due, and in this differs from any other personal property; and any secret instructions to the agent are not limitations of that authority, and do not affect Seago's title: Story on Agency, sec. 73, 133; 33 Barb., 248; 9 S. and M., 476; 10 N. H., 588; Code, sec. 2170. To establish any other rule would be to encourage fraud and lay a trap for the innocent. Where one of two must suffer, it must be him who puts it in the

power of a third person to injure, and not him who is injured: 15 East., 408.

HILL & CANDLER, for defendant.

McCAY, Judge.

The proof of conversion in this case is conclusive. Without doubt, Mr. Seago applied this note to his own use. He negotiated it, got what he thought its value for it. This was a conversion, to-wit: an application of it to his own use—although, therefore, there may have been error in the charge as to the effect of a demand and refusal, still the defendant was not hurt because the proof of conversion is conclusive. A demand and refusal is not conversion; it is only evidence of conversion, and to make it such, it must appear that the defendant had it in his power to deliver. But if the conversion be proven in fact, as was clearly done here, no other evidence was necessary, and the charge of the Court as to the effect of a demand and refusal is immaterial; 2 *Georgia*, 116; 1 *Georgia*, 381. An attorney or other person taking a note for collection is only a bailee of it. He has no right to use it in any other way than his authority justifies: Story on Agency, 224; 6 East., 537; 7 East., 4; 13 Mass., 398; See also the case of Goodwin *vs.* May, 23 *Georgia*, 205. Nor does the evidence show such delay by the true owner to demand his rights as to amount to a ratification of the act of his agent. There is no evidence that he delayed at all after he knew or had any hint as to what had been done with the note. He had a right to presume that the agent had failed to collect the note, and was holding it for him, nor was the presumption at all unreasonable; indeed, in the circumstances of the country it was the most natural of all presumptions.

Whatever may be the common law rule as to the title acquired by the purchaser of a promissory note, payable to bearer, from one who has no right to it, our Code settles it, that unless the note be not yet yet due, it stands on the same footing as other property. Section 2597 of our Code pro-

vides that the seller can convey no better title than he has himself. The *bona fide* purchaser of a negotiable paper, *not dishonored,* or of money or bank bills, or other recognized currency, will be protected, though the seller had none. To say that an agent or bailee, intrusted with property, may, because he has the possession—which is, as to personal property, à *prima facie* title—may sell it, contrary to his authority, and divest the title of the true owner, would be to break up the whole system of agents, bailees, etc. See the case of *First National Bank of Macon vs. Nelson & Company,* 38 *Georgia,* 391.

Judgment affirmed.