SMITH *et al. v.* GEORGIA LOAN, SAVINGS AND BANK-ING COMPANY.

1. After the renunciation by one party of a continuing contract consisting of mutual obligations, the other party is at liberty either to immediately treat such renunciation as a breach of the contract and sue for any damages he has sustained by reason of the breach, or to treat the contract as still binding, and wait until the time arrives for its performance, in order to give the party who has repudiated the contract an opportunity to comply with its terms.
2. If after the attempted renunciation by one party to the contract the other party elects to treat the contract as still binding and await the time for full performance, it is incumbent upon the party making such election to perform such of the obligations as may in the meantime devolve upon him under the terms of the contract. Especially is this true when such performance is demanded by the party who had attempted to renounce.
3. Applying the principles above laid down to the facts of the present case, the plea of the defendants was properly stricken on motion.

Argued June 1,— Decided July 20, 1901.

Complaint. Before Judge Reid. City court of Atlanta December 11, 1900.

This action was on a note dated February 25, 1896, by which Smith et al. promised to pay to the plaintiff corporation $2,000 on or before 125 months after date, with interest from date, payable quarterly, and agreed that, in case of failure to pay promptly at maturity any of the quarterly instalments of interest, the holder of the note should have the right to declare the note due and collect it by suit. The note contained also the following stipulations: "The maker or makers hereof further agree that in order to provide for payment of this note at its maturity, that they shall apply for and accept 14 bonds of five hundred dollars each . . in the U. S. Bond and Mortgage Company of Atlanta, Ga. The makers hereof agree to pay the several instalments due on each bond as required by the terms and conditions of said bond; and in the event that there is a default in the payment of the instalments due on either one or all of the said bonds for ninety days as provided for in said bond and the said bond or bonds shall thereby become lapsed, then the owner or holder hereof at his option may declare the full amount of this note, principal, interest, and attorneys fees, due and payable. In no event shall this note become due prior to the stipulated time of its maturity if the makers hereof shall

promptly pay at maturity the several interest instalments due on this note, and also the several instalments due on the bonds heretofore mentioned as security for this note. In consideration of the premises hereinbefore set forth, the Georgia Loan, Savings and Banking Company has agreed with the makers hereof to accept the 14 bonds heretofore mentioned, at their maturity, in full settlement of this note; provided that all of said interest instalments and instalments due on each bond have been paid promptly at their maturity." The suit was filed April 11, 1899. The petition alleged that the defendants were indebted to the plaintiff $2,000 principal, and interest from the date of the note, except the first quarter's interest, and prayed judgment for the amount of the debt. The defendants filed a plea in which they denied the alleged indebtedness, and made the following allegations: "Plaintiff's officers have changed since the note attached to the declaration was made. The company, under its new officers, has never agreed to carry out or comply with said note or contract; on the contrary, it declines to do so. The defendants have always been ready and willing to carry out said contract, and are now ready and willing to carry out said contract and pay any interest due petitioner." The court struck this plea, and directed a verdict against the defendants for principal and interest as sued for. The defendants excepted.

*Rosser & Carter* and *Burton Smith*, for plaintiffs in error.
*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, contra.

COBB, J. . It was argued for the defendants that as the plaintiff had made what is known to the law as a renunciation or anticipatory breach of the contract, the defendants were no longer bound thereby, and could repudiate the contract whenever the plaintiff endeavored to enforce it. The rule of law sought to be invoked was laid down by the Supreme Court of the United States in a recent case after an elaborate consideration of the authorities. The conclusion reached by the court is thus succinctly stated in the headnotes: "After a careful review of all the cases, American and English, relating to anticipatory breaches of an executory contract, by a refusal on the part of one party to it to perform it, the court holds that the rule laid down in Hochster *v*. De la Tour, 2 El. & Bl. 678, is a reasonable and proper rule to be applied in this case. That rule is, that after the renunciation of a continuing agreement by one

party, the other party is at liberty to consider himself absolved from any future performance of it, retaining his right to sue for any damage he has suffered from the breach of it; but that an option should be allowed to the injured party, either to sue immediately, or to wait till the time when the act was to be done, still holding it as prospectively binding for the exercise of this option." Roehm v. Horst, 178 U. S. 1. This rule was expressly limited by the court to contracts containing mutual obligations. See page 17. The agreement under consideration in the present case is of such a character. But giving to the defendants' plea that construction which is most favorable to their contention, we do not understand that they have brought themselves within the rule above quoted. They did not immediately, upon the renunciation of the contract by the plaintiff, elect to repudiate the contract and sue for whatever damages they had sustained by reason of its breach. Not having so elected, but one other course was open to them, and that was to wait until the maturity of the contract and see if the plaintiff would, notwithstanding its former renunciation of the contract, comply with its terms. As they elected to pursue this course, it was incumbent upon them to comply with the obligations which under the contract devolved upon them from time to time, that is, to pay instalments of interest as they became due. If the contract was valid and enforceable, the plaintiff could, under its express terms, upon default in the payment of interest by the defendants, treat the principal sum as due and collectible. As we understand the law, when the defendants failed to immediately take advantage of the plaintiff's renunciation of the contract, it left it optional with the plaintiff to afterwards elect to perform notwithstanding its former renunciation. In other words, after the defendants elected not to sue as for a breach, the contract remained valid and enforceable by the plaintiff notwithstanding its former repudiation. This being so, when the defendants made default in the payment of interest, the principal sum for which they were bound became due and collectible. By express terms of the contract, such a default on the part of the defendants released the plaintiff from compliance with its agreement to accept certain bonds in payment of the principal sum due by the defendants. This release was, however, attributable solely to the action of the defendants, and they have no just cause of complaint by reason thereof. When they failed to treat the contract

as having been broken immediately upon its renunciation by the plaintiff, and elected to give the plaintiff further opportunity to perform when the contract matured, they should have paid up the interest as it matured, and then when the time for performance of the contract arrived they would have been in a position to tender the bonds, and, if the plaintiff refused to accept them, to maintain an action for whatever damages they had thereby sustained; and we apprehend that in such a suit they could have recovered whatever sums they had paid as interest under the assumption that the plaintiff would comply with its agreement.

A construction of the defendants' plea which would make necessary the foregoing discussion is, however, more liberal to them than they are entitled to. Had it not been for the argument made in this court, we would have been at a loss to understand what rule of law they were invoking. They pray for no relief whatever. They say the plaintiff "declines" to carry out its contract, but no facts are set forth to show upon what this allegation is based, and the court is not informed to what portion of the contract this declination applies. The allegation is a mere conclusion of the pleader. The plea avers a willingness on the part of the defendants to comply with the obligations imposed upon them by the contract, and to pay any interest due by them. It would seem that a prayer for specific performance would have been appropriate to this allegation. It certainly evidences a desire on the part of the defendants to have the contract enforced, and they do not even now claim the benefit of the plaintiff's renunciation. Had the plea alleged that the defendants accepted the plaintiff's renunciation of the contract, and for that reason did not pay the interest instalments as they fell due, that they did not desire to sue the plaintiff for any damages, but that they had all along treated the contract as not being enforceable against them by reason of the renunciation of the same by the plaintiff, a defense to the action might have been presented; but we are clear that the allegations of the plea as framed set up no defense to the action, and that the plea was properly stricken on motion.    *Judgment affirmed.    All the Justices concurring.*