SAVANNAH BANK AND TRUST COMPANY *v.* McQUEEN.

ATKINSON, J. An equitable petition was filed in the superior court of Chatham county, Georgia, by a manufacturer of naval stores, residing in Liberty County, Georgia, against a bank in Savannah, Georgia, a railroad company, a tanking company, and the sheriff of the county. Among other things the following was alleged, in substance. Plaintiff, in the course of his dealing with a factor (a company in the City of Savannah), consigned to it certain rosin and spirits of turpentine over the line of the defendant railroad company, and bills of lading were sent to the factor. The factor was directed to "tank" the spirits of turpentine and hold the spirits and the rosin for the plaintiff. The factor "tanked" the spirits of turpentine and received receipts from the tanking company therefor, and without the plaintiff's knowledege or consent transferred both the rosin and spirits of turpentine to the bank as collateral security for its individual debt, by assigning the bills of lading and tank receipts. The bank had notice that in attempting to secure a loan on the rosin and spirits of turpentine the factor was acting as an agent and not as an owner of the property; and the bank did not, by reason of the transfer to it, acquire any title to or interest in the rosin and spirits of turpentine, except in subordination to the plaintiff's title. The bank instituted bail-trover suits in the city court of Savannah, against the tanking company for the spirits of turpentine, and against the railroad company for the rosin; and the sheriff was about to take possession of the property. Plaintiff owed the factor a stated amount on account of advances made on the consignments, which amount he "is ready, able, and willing to pay . . at any time on the surrender to him of" the spirits of turpentine and rosin. The prayers were, for injunction, etc.; that plaintiff's title to the property be set up by decree of the court; and that possession thereof be surrendered to him. The factor was not made a party to the suit. The bank demurred on general and special grounds, and answered. The demurrer as amended was overruled. The case was submitted to a jury, and a verdict was returned as follows: "We, the jury, find that the plaintiff is the true owner of the described personal property, subject to the payment of ($938.41)

to the Producers Naval Stores Co. [the factor], and to such further amounts as may be due by McQueen [the plaintiff] to the Atlantic Coast Line R. R. Co. and the National Tank & Export Co. for their charges on all said goods; and that the Savannah Bank & Trust Co. be perpetually enjoined from prosecuting its suit in the city court of Savannah against the Atlantic Coast Line R. R. Co. and the National Tank & Export Co." Upon this verdict a decree was rendered. The bank excepted to the judgment overruling the demurrer, to the decree based on the verdict, and to the judgment denying a motion for new trial. *Held:*

1. The petition alleged a cause of action against the bank, and was not subject to general demurrer or any of the grounds of special demurrer. *First National Bank of Macon* v. *Nelson*, 38 *Ga.* 391 (95 Am. D. 400); *Seago* v. *Pomeroy*, 46 *Ga.* 227, 231; *Cummings* v. *McDade*, 118 *Ga.* 614 (45 S. E. 479).

(*a*) There was no special demurrer on the ground that there was no absolute tender of the amount admitted to be due the factor, and no ruling is made on the question of whether such a tender was necessary.

(*b*) The request to overrule, on review, the decision in *First National Bank of Macon* v. *Nelson*, supra, is denied.

2. The judge charged the jury: "The bank further contends, that, under a custom alleged to be generally recognized as prevailing in the City of Savannah, the factor had the right to pledge the rosin and spirits. I charge you that if McQueen were a non-resident of Savannah at the time the goods were consigned to the factor, the alleged custom would not become, by implication, a part of the contract between the consignor and the consignee, unless there is proof that the custom alleged to prevail in Savannah was known to McQueen. If you find that the custom alleged is a mere local custom or business usage in a particular city, it is not binding except upon those who have recognized it in their dealings. The custom of the business or trade shall be binding only when it is of such universal practice as to justify the conclusion that it became, by implication, a part of the contract." *Held*, that the charge was not erroneous on the ground that the jury was instructed that the alleged custom would not be binding upon McQueen unless he had actual knowledge of it. *Bacon Fruit Co.* v. *Blessing*, 122 *Ga.* 369 (50 S. E. 139); *McCall* v. *Herring*, 118 *Ga.* 522 (45 S. E. 442); *Hendricks* v. *Middlebrooks*, 118 *Ga.* 137 (44 S. E. 835); *Horan* v. *Strachan*, 86 *Ga.* 416 (12 S. E. 678, 22 Am. St. R. 471); *Miller* v. *Moore*, 83 *Ga.* 692 (10 S. E. 360, 6 L. R. A. 374, 20 Am. St. R. 329); *American Sugar Co.* v. *McGhee*, 96 *Ga.* 27. (21 S. E. 383); *Kelly* v. *Kauffman Milling Co.*, 92 *Ga.* 105 (3), 107 (18 S. E. 363); Chateaugay Ore Co. *v.* Blake, 144 U. S. 476 (12 Sup. Ct. 731, 36 L. ed. 510); Clark on Contracts (3d ed.), 496, § 217; 17 Corpus Juris, 454, § 15. The request to review and overrule the Georgia decisions just cited is denied.

3. The charge was not erroneous for any reason assigned.

4. Construing the verdict in the light of the pleadings, the factor (Producers Naval Stores Company) not being a party, and the petition against the bank alleging a willingness to pay the amount admitted to be due the factor upon surrender of the goods, the requirement of the verdict that the plaintiff pay to the Producers Naval Stores Company a

stated sum as a condition to his recovery is to be construed as requiring such payment to be made to the bank.

5. None of the grounds of the motion for new trial show cause for reversal.

6. It is directed that a decree be entered, and that it be so moulded as to provide that the amount to be paid by the plaintiff on account of his indebtedness to the Producers Naval Stores Company be paid to the bank.

7. The bank (plaintiff in error) having procured a substantial modification of the judgment of the trial court, it is ordered that it recover the costs.

*Judgment affirmed, with direction. All the Justices concur.*

No. 1113.  AUGUST 6, 1919.

Equitable petition.  Before Judge Meldrim.  Chatham superior court.  July 18, 1918.

*William L. Clay,* for plaintiff in error.

*Hitch & Denmark, Osborne, Lawrence & Abrahams,* and *Adams & Adams,* contra.