### 11878, 11879. COLEMAN *v.* SAVANNAH BANK AND TRUST CO.; and *vice versa.*

Under the facts of this case, in which it appeared that negotiable receipts of a tank company, which a naval-stores company had taken in its own name for turpentine shipped to it by the plaintiff for sale by it, were pledged by it to the defendant bank as security for a debt of the pledger, and that it paid its own debt to the bank from a deposit standing in its name and arising from its sale of the turpentine, the bank being without knowledge or notice of the plaintiff's ownership of the turpentine, the plaintiff was not entitled to recover from the bank.

DECIDED MARCH 8, 1921.

Complaint; from Chatham superior court — Judge Meldrim. July 7, 1920.

*Hitch & Denmark,* for plaintiff. *W. L. Clay,* for defendant.

LUKE, J. This case arises by reason of a suit by Coleman against the Savannah Bank and Trust Company for $8,023.33. The plaintiff's petition alleges substantially: that he shipped to the

Producers Naval Stores Company, who were naval-stores factors, 432 casks of spirits of turpentine, with instructions to place the turpentine in tanks; that the turpentine was placed in tanks of the National Tank and Export Company, and receipts were given by the latter company to the Producers Naval Stores Company; that subsequently the Producers Naval Stores Company pledged the tank receipts to the Savannah Bank and Trust Company to secure certain of its notes, aggregating the sum sued for; that the president of the Producers Naval Stores Company was a director of the Savannah Bank and Trust Company and that the office of the Producers Naval Stores Company was in the Savannah Bank and Trust Company building; that the Producers Naval Stores Company sold the turpentine and paid the proceeds to the Savannah Bank and Trust Company, and that subsequently the Producers Naval Stores Company was adjudicated to be bankrupt. At the conclusion of the plaintiff's evidence a nonsuit was granted, and to this judgment he excepted.

The judgment awarding a nonsuit was not erroneous. The evidence did not prove the plaintiff's case as laid, and did not authorize the plaintiff to recover upon his petition. The evidence clearly established the fact that the Savannah Bank and Trust Company had no notice that the turpentine was or had ever been the property of the plaintiff. The receipts from the tank company for the turpentine were in the name of Producers Naval Stores Company, and were negotiable, and there was nothing to indicate title to the property in any one other than Producers Naval Stores Company. The evidence further·developed the fact that Coleman knew this. The plaintiff further failed to show a right to recover, because the evidence showed that the Producers Naval Stores Company, at his direction, sold the turpentine and deposited the proceeds of the sale to its credit, and rendered to him accounts of sales, and subsequently, from its funds on deposit, paid to the Savannah Bank and Trust Company the notes referred to in the plaintiff's petition. This case differs from the two cases relied upon by the plaintiff,—*First National Bank of Macon* v. *Nelson,* 38 *Ga.* 391 (95 Am. Dec. 400), and *Savannah Bank & Trust Co.* v. *McQueen,* 149 *Ga.* 302 (100 S. E. 33). In the former of these two cases, it will be noted, certain agents were given special and limited authority to sell the goods stored with them, and there was no de-

livery of the goods to the bank, and the bank had constructive notice of the limited authority. In the case that we have here for review there is no claim by the bank to the turpentine, nor was there any notice to the bank that the tank receipts, which are symbolic and negotiable, were the property of any one other than the Producers Naval Stores Company. There is no evidence that the Producers Naval Stores Company was the agent of Coleman. Of course, there is the further distinction that the turpentine was actually sold and proper accounts of sales were rendered to Coleman, and the notes of the Producers Naval Stores Company to the Savannah Bank & Trust Company were paid, not with the turpentine, but from the general funds of the Producers Naval Stores Company. In the *McQueen* case, supra, the bank had notice that the factor, in pledging his principal's property, was acting as an agent and not as an owner. Under no view of the evidence in this case, upon the issues formed by the pleadings, was the plaintiff entitled to recover of the defendant. It was not error to grant a nonsuit.

*Judgment affirmed on main bill of exceptions. Cross-bill of exceptions dismissed. Broyles, C. J., and Bloodworth, J., concur.*