## 12605.   PIERCE *v.* LOO SING.

Redelivery of personal property to the plaintiff after the filing and service of an action for its conversion will not deprive him of the right to recover for damage resulting from the conversion, but may mitigate the damages.

Failure to pay or tender payment for the cleaning and pressing of clothes delivered for that purpose and not returned will not defeat an action for their conversion, where the sole reason assigned by the defendant for not returning them when their return was demanded was that he did not have them and that the plaintiff had never delivered them to him.

The articles in question having been returned to the plaintiff after suit for their conversion, and there being no proof of actual damage to him from the alleged conversion, and the only harmful result to him of the award of a nonsuit being the taxing of costs against him, this court, although holding that the court below erred in awarding a non-suit, affirms the judgment, with direction that the defendant be taxed with the costs of the suit and of the writ of error.

DECIDED NOVEMBER 16, 1921.

Trover; from city court of Dublin — Judge Sturgis.   May 18, 1921.

*S. P. New,* for plaintiff.

BROYLES, C. J.   This was an action in trover, brought by the owner of a suit of clothes, of the value of $20, to recover possession of the clothes, which he had delivered to the defendant for the purpose of being cleaned and pressed.   When the owner demanded the clothes the defendant refused to deliver them, denying that he had them or that the plaintiff had ever delivered them to him.   Thereupon the owner filed his suit in trover, and subsequently, one day after the service of the suit, the clothes were put by some unknown person upon the plaintiff's porch and he recovered them in good condition.   The fact that the clothes were redelivered to the plaintiff after the filing and service of the suit but before the trial was not sufficient to defeat the suit. " When a conversion has once taken place it cannot be cured. Even the redelivery of the property will not cure it.   Damages for the conversion are still recoverable, and the return of the property goes merely in mitigation of damages.   *Jordan* v. *Thornton,* 7 *Ga.* 517, 528." *Spiers* v. *Hubbard,* 12 *Ga. App.* 680 (78 S. E. 138).   Likewise, the suit could not be defeated on the ground that the plaintiff had not paid or tendered to the defendant the money due for the cleaning and pressing of the clothes.   The refusal of the defendant to deliver the clothes, on

37

the sole grounds that he did not have them, and that the plaintiff had never delivered them to him, amounted to a waiver of the defendant's right to demand payment for the work done on the clothes before their delivery to the plaintiff. *Lightsey* v. *Lee,* 8 *Ga. App.* 762 (70 S. E. 179). From what has been said it follows that the court erred in awarding a nonsuit. However, it appearing from the evidence upon the trial that the plaintiff had recovered his clothes, and the evidence failing to show that he had been damaged in any amount, the only harmful result to him of the nonsuit was the taxing of the costs of the suit against him. The judgment of the trial court is accordingly affirmed, with direction that the defendant in error be taxed with the costs of the suit in the lower court and with the costs of this writ of error. See, in this connection, *Woodruff Machinery Manufacturing Co.* v. *Griffin,* 17 *Ga. App.* 529 (2, 3) (87 S. E. 808).

*Judgment affirmed, with direction. Luke and Bloodworth. JJ., concur.*