13626. TURNER *v.* WILLIAMS *et al.*

BELL, J. 1. A certificate of corporate stock is not a negotiable instrument. East Birmingham Land Co. *v.* Dennis, 85 Ala. 565 (5 So. 317, 2 L. R. A. 836 (2); 7 Am. St. R. 73); Hammond *v.* Hastings, 134 U. S. 401 (5) (10 Sup. Ct. 727, 33 L. ed. 960); National Safety Deposit Co. *v.* Hibbs, 229 U. S. 391 (33 Sup. 818, 57 L. ed. 1241); 2 Cook on Corporations (6th ed.), 412.

2. Where the owner of a stock-certificate entrusts it, for a specific purpose, to a person who, departing from his trust, pledges the certificate as collateral security for his own pre-existing debt, the creditor so taking it in pledge acquires no right to the certificate against the claim of the owner, although at the time of the pledge there was a genuine assignment in blank thereon. *Matthews* v. *Kennedy*, 113 *Ga.* 378 (2) (38 S. E. 854) ; *Ryals* v. *Johnson County Bank*, 106 *Ga.* 525 (32 S. E. 645) ; *Cohen* v. *Prater*, 56 *Ga.* 203.

3. The owner sued the pledgees for the recovery of the certificate. The verdict was in favor of the defendants, and the plaintiff excepted to the overruling of her motion for a new trial. *Held*, that under the rulings announced above, the court erred in its charge to the jury and in omissions to charge, as complained of in the motion for a new trial.

4. It is indisputably shown, by the evidence, that the unauthorized pledge of the certificate was to secure in part a simultaneous loan, and in part also a pre-existing debt of the pledgor. The plaintiff having conceded that unless the pledgee had notice of her ownership at the time of the pledge, she must pay to the creditor the amount of the new loan before being entitled to recover the certificate, no decision is required upon that question, and accordingly none is made.

5. Tender may be made by an agent or friend at the instance of an interested party. If rejected, and not on any ground of informality, such informality cannot be afterward urged in objection to the tender. Civil Code (1910), § 4322.

6. "A formal tender is unnecessary where express declarations are made by the party to whom money is payable that he will not accept it if tendered. The law takes one who makes such a statement at his word and does not thereafter require the doing of a vain thing." *Arnold* v. *Empire Mutual Ins. Co.*, 3 *Ga. App.* 685 (5) (60 S. E. 470). See also *Ansley* v. *Hightower*, 120 *Ga.* 719 (4) (48 S. E. 197) ; *Lightsey* v. *Lee*, 8 *Ga. App.* 762 (2) (70 S. E. 179) ; *Pierce* v. *Loo Sing*, 27 *Ga. App.* 577 (109 S. E. 549).

7. The evidence did not demand a finding in favor of the defendants. On account of the errors referred to above, the court erred in not granting the plaintiff's motion for a new trial. No other error appears.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 23, 1923.

Trover; from city court of Macon — Judge Gunn.   April 24, 1922.

*Jordan & Moore*, for plaintiff.

*Brock, Sparks & Russell*, for defendants.