37249. NIKAS *v.* HINDLEY.

438

DECIDED SEPTEMBER 23, 1958—
REHEARING DENIED OCTOBER 23, 1958.

*W. Douglas Kerr, C. Baxter Jones, Jr.*, for plaintiff in error.

*John L. Westmoreland, John L. Westmoreland, Jr., Mary R. Brady*, contra.

NICHOLS, Judge. The plaintiff's petition had attached thereto, as a part thereof, a copy of the contract of employment entered into between the plaintiff and the defendant and Beverage Distributors, Inc. The contract contained the option quoted in the above statement of the case and showed that the plaintiff had, at the time of the alleged breach, an option to purchase the stock from the defendant.

"An option is a contract by which the owner of property agrees with another that the latter shall have the right to buy the former's property at a fixed price within a certain time and on agreed terms and conditions . . . The rules governing other contracts apply to an option." *Jones* v. *Vereen, 52 Ga. App.* 157, 158 (182 S. E. 627), and citations. Therefore, here, where the option contract was accepted by both parties for a valuable consideration, as alleged in the contract, the rules governing contracts generally apply to the option contract under consideration.

The defendant contends that the petition fails to show that the plaintiff exercised the option in accordance with its terms by tendering the sum as provided for in the contract, that the

petition does not allege that the plaintiff ever offered to perform or that he was ready, willing, and able to perform, and that the petition does not allege a tender of the agreed purchase price by the plaintiff or facts to excuse tender.

These contentions, as to why the general demurrers should have been sustained are controlled adversely to the defendant. The plaintiff had, under the terms of the option, until five years' after September 1, 1956, to exercise the option to purchase the stock provided he was still in the employment of the corporation at such time. Therefore, conceding, but not deciding, that the plaintiff didn't, under the terms of the option, exercise the option on September 9, 1957, at a time while he was in the employment of the corporation, the alleged absolute refusal on the part of the defendant to sell the plaintiff the stock or any part thereof relieved the plaintiff from taking any further action to attempt to comply with the express terms of the option contract, before he would be permitted to bring an action for the breach by the defendant. "A formal tender is unnecessary where express declarations are made by the party to whom money is payable that he will not accept it if tendered. The law takes one who makes such a statement at his word, and does not thereafter require the doing of a vain thing." *Arnold* v. *Empire Mutual Annuity &c. Co.,* 3 *Ga. App.* 685 (5) (60 S. E. 470); *Turner* v. *Williams,* 29 *Ga. App.* 751 (6) (116 S. E. 553); *Groover* v. *Brandon,* 200 *Ga.* 153, 165 (36 S. E. 2d 84), and citations.

While the defendant may have been justified, and this need not be here decided, in failing to deliver the stock to the plaintiff without the payment of the amount agreed on, he could not then and there repudiate the option contract with impunity.

The contention is made by the defendant, that even conceding that he had repudiated the option contract, the petition fails to allege that the plaintiff was able to perform under the terms of the contract and therefore the petition is fatally defective.

In support of this contention the defendant cites numerous "specific performance" cases which are exemplified by *Miller* v. *Watson,* 139 *Ga.* 29, 33 (76 S. E. 585). These are "equity" cases wherein the plaintiff in order to obtain the "specific performance" prayed for must do "equity" by placing, or offering to

place, the defendant in the position he would have been in had the defendant voluntarily performed under the contract.

While a number of "law" cases decided by this court and the Supreme Court have stated that the plaintiff alleged readiness, willingness and ability to perform, none have been found where it has been held that these allegations were a prerequisite to a recovery by the plaintiff for an anticipatory breach of contract by the defendant. *Pusey & Co.* v. *McElveen Commission Co.*, 93 *Ga.* 773 (21 S. E. 154), did not deal with an anticipatory breach of contract, but on the contrary was a case wherein the plaintiff sought to recover when the defendants failed to comply with the contract. It seems that there is a great deal of outside authority to the effect that the plaintiff is not required to be ready, willing, and able to perform where there has been an anticipatory breach of the contract by the defendant. "The rights of a party to a bilateral contract of mutually dependent promises upon an anticipatory repudiation by the other party will then be: (1) To rescind the contract altogether, and if any performance has already been rendered by the injured party, to recover its value on principles of quasi contract; (2) to elect to treat the repudiation as a breach, either by bringing suit promptly, or by making some change of position; or (3) to await the time for performance of the contract and bring suit after that time has arrived. Even if the plaintiff thus elects to wait until the stated time for performance, he will be excused from the necessity of performing or being ready to perform on his own part unless the repudiating party withdraws his repudiation before a change of position by the injured party makes his performance more burdensome." 5 Williston on Contracts, (Rev. ed.) 3753, § 1337. Edgar & Son *v.* Grocers Wholesale Co., 298 Fed. 878 (38 A. L. R. 205); 13 C. J. 651, Contracts, § 725; 17 C.J.S. 973, Contracts, § 472. The leading case in the United States on the subject of anticipatory breach of contracts appears to be Roehm *v.* Horst, 178 U. S. 1 (20 Sup. Ct. 780, 44 L. ed. 953), which decision has been followed in this State. See *Smith* v. *Georgia Loan &c. Co.*, 113 *Ga.* 975 (39 S. E. 410); *Oklahoma Vinegar Co.* v. *Carter & Ford,* 116 *Ga.* 140, 144 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112).

· Moreover, the contention of the defendant that the plaintiff must allege and prove a readiness, willingness and ability to perform is without merit, for as stated in Hochster *v.* De la Tour, 2 El. & Bl. 678, which was quoted approvingly in Roehm *v.* Horst, supra (p. 9): "After the renunciation of the agreement by the defendant, the plaintiff should be at liberty to consider himself absolved from any future performance of it, retaining his right to sue for any damage he has suffered from the breach of it. Thus, instead of remaining idle and laying out money in preparations which must be useless, he is at liberty to seek service under another employer, which would go in mitigation of the damages to which he would otherwise be entitled for a breach of the contract." While that case dealt with a contract of employment to begin on a day certain in the future which was breached by the employer before such date, the same rule *must* apply in contracts for the sale of personalty where the seller has repudiated his contract before the time for performance so as to constitute such action an anticipatory breach and the plaintiff elects to sue immediately on the breach.

How can the buyer mitigate his damages and at the same time "bury his talents" so as to be in a position to be able to perform? To state the question is to answer it. Therefore, the contention that the petition is fatally defective because it fails to allege that the plaintiff was ready, willing and able to perform the contract is without merit.

The trial court did not err in overruling the defendant's general demurrers.

*Judgment affirmed. Felton, C.J., and Quillian, J., concur.*