### 40445. COBB EXCHANGE BANK v. BYRD.

DECIDED JANUARY 6, 1964.

. *Edwards, Bentley & Awtrey, Scott S. Edwards, Jr., A. Sidney Parker,* for plaintiff in error.

*William H. Duckworth, Jr.,* contra.

HALL, Judge. Possession of personalty is not conclusive evidence of ownership, and any person dealing with the possessor as the owner will not obtain title to the property as against the true owner, unless the owner has done something to mislead or deceive such person. *Harris Loan Co. v. Elliott & Hatch,* 110 Ga. 302 (34 SE 1003); *Darby v. Parrish,* 42 Ga. App. 492, 494 (156 SE 462). One specially employed to receive possession of goods from a principal and to sell them for a compensation is a "factor", "consignee", or "commission merchant." He is both a bailee and the sales agent of the bailor. 22 Am. Jur. 307, § 2; 35 CJS 496, § 1. Where the factor has made a disposition of the property in any other way than by sale, the transaction is ineffective to pass title. *First Nat. Bank v. Charles Nelson & Co.,* 38 Ga. 391, 400 (95 AD 400); *Peoples Loan &c. Corp. v. Bell,* 101 Ga. App. 593, 594 (115 SE2d 218); 22 Am. Jur. 336, § 51; 8 Am. Jur. 2d 986, § 86; accord *Turner v. Williams,* 29 Ga. App. 751, 752 (2) (116 SE 553). If the principal has clothed his factor with apparent ownership he will be estopped, as against those who have acted bona fide on the faith of the apparent ownership, from denying the factor's authority to divest the principal of ownership. 8 Am. Jur. 2d 989, § 89; 35 CJS 580-581, § 58. But the factor's possession with authority

to sell is not sufficient alone to create an estoppel on the principal. This must be accompanied by some indicia of ownership in the hands of the factor, or positive act of the principal, or of the factor with the principal's knowledge and permission, such as may reasonably be expected to mislead others, and does so mislead another, so that he acts on such belief to his prejudice; and the factor's sale must be in the usual and ordinary course of business. *Code* § 96-207; *First Nat. Bank v. Charles Nelson & Co.*, 38 Ga. 391, 399, supra; *Peoples Bank v. Jones*, 193 Ga. 720 (20 SE2d 74); 8 Am. Jur. 2d 990, § 90; 991, § 92; accord *National Homes, Inc. v. City Plumbing &c. Co.*, 108 Ga. App. 519 (133 SE2d 416). In the absence of statutes that furnish protection to persons dealing with factors, and unless estopped from doing so, the principal may follow and recover the property improperly disposed of by the factor, in its original state, or the proceeds therefrom, from any person, regardless of his good faith, into whose hands it may have come. Norris v. Boston Music Co., 129 Minn. 198 (151 NW 971); accord *Turner v. Williams*, 29 Ga. App. 751, supra; *Broadway Apt. Co. v. Barnett*, 30 Ga. App. 562, 566 (118 SE 601); *Fowler v. Kragel*, 93 Ga. App. 403, 404 (91 SE2d 794). The principal may have an action against an unauthorized transferee for conversion or for money had and received. 35 CJS 581, § 58; accord *Payne v. American Agri. Chemical Co.*, 66 Ga. App. 596 (18 SE2d 635). Whether the transferee of a bailee who makes an unauthorized disposition of his bailor's property is liable for conversion depends on whether by the law of property he legally acquires the property interest intended to be conveyed to him. 1 Harper & James, Law of Torts 143, § 2.17.

Any act of dominion wrongfully asserted over another's property which negatives or is inconsistent with the right of the true owner amounts in law to a conversion. *Liptrot v. Holmes*, 1 Ga. 381, 391; *Robinson v. McDonald*, 2 Ga. 116, 119; *James v. Newman*, 73 Ga. App. 79, 80 (35 SE2d 581).

This petition shows that the consignee had possession of the plaintiff's eggs, but does not show any other indicia of ownership in the hands of the consignee, or any deceptive act by the plaintiff or by which the plaintiff authorized the consignee to

hold itself out as owner which would estop the plaintiff to assert his rights.

(The principles discussed above may be effected by the Uniform Commercial Code, applying to transactions on and after January 1, 1964. *Code Ann.* § 109A-10-101 as amended, Ga. L. 1963, pp. 188, 204; *Code Ann.* § 109A-2-403.)

The following Georgia cases, where the owner was held bound by the transfer of property by an agent, are consistent with the above rules: *Savannah Trust Co. v. National Bank of Savannah,* 16 Ga. App. 706 (86 SE 49) (agent possessed negotiable warehouse receipts as indicia of title); *Coleman v. Savannah Bank &c. Co.,* 26 Ga. App. 400 (106 SE 301) (factor possessed negotiable receipts in his own name); *Trulock v. Carolina Portland Cement Co.,* 34 Ga. App. 501 (130 SE 356) (transferee acquired the property in a sales transaction from a company unknown to the transferee to be acting as the owner's sales agent); *Pilcher v. Enterprise Mfg. Co.,* 36 Ga. App. 760 (138 SE 272) (transferee acquired property by purchase from owner's agent authorized to sell); *Blount v. Bainbridge,* 79 Ga. App. 104 (53 SE2d 122) (transferee purchased property in good faith from fraudulent purchaser whose bad check was accepted in payment by owner).

*Judgment affirmed. Bell, P.J., and Pannell, J., concur.*