## 30531. THE VALLEY VIEW CHURCH OF GOD IN CHRIST, INC. v. KING.
## 30532, 30533. THE VALLEY VIEW BAPTIST CHURCH, INC. v. KING; and vice versa.

INGRAM, Justice.

These appeals from Fulton Superior Court involve the right of a holder of unsecured corporate church bonds to recover on the bonds prior to their maturity and to set aside, as a fraudulent conveyance, the transfer of real property of the issuer of the bonds, The Valley View Baptist Church, Inc. to a third-party church, The Valley View Church of God in Christ, Inc. The third-party church agreed, as a part of the purchase price for the realty, to issue new bonds to the holders of the original bonds. Plaintiff refused to surrender his old bonds and accept new bonds from the purchaser. The trial judge, sitting without a jury, found an anticipatory breach of the plaintiff's rights under the original bonds and awarded him a judgment against both defendants for the face amount of the bonds, plus accrued interest. The trial court also found the conveyance of real property was not fraudulent and refused to set it aside. All three parties have appealed from the trial court's judgment.

The plaintiff contends that the trial court erred in not finding that the real property conveyance was made with the intention to delay or defraud creditors. See Code Ann. § 28-201 (2). It is a close question, but on the present record, we cannot say that as a matter of law the conveyance in this case was a fraudulent conveyance within the meaning of the statute. The trial court was authorized to reach the conclusion that it did and its finding that this was not a fraudulent conveyance will not be set aside on appeal. See *Childers v. Ackerman Constr. Co.,* 211 Ga. 350 (86 SE2d 227) (1955). See also *Wells v. Blitch,* 184 Ga. 616 (192 SE 209) (1937).

We consider next whether the trial court was authorized to find an anticipatory breach of the plaintiff's rights under the bonds he holds and to declare the total amount of the bonds due prior to their maturity. One of the conditions in the bonds held by plaintiff is that the issuer of the bonds was to pay sufficient monies into a

sinking fund from which to pay the bonds as they matured. There is testimony in the transcript that these payments were insufficient to satisfy the obligations of the bond issue as they became due. Plaintiff elected to treat this breach of condition as a repudiation of the contract and to demand the face value of the bonds. See *Nikas v. Hindley,* 98 Ga. App. 437 (106 SE2d 335) (1958); see also *Smith v. Ga. Loan, Savings &c. Co.,* 113 Ga. 975 (39 SE 410) (1901). The trial court was authorized to find this breach existed and to declare the total amount due on plaintiff's bonds.

The final issue we consider is whether the trial court's judgment against both defendants, i.e., the issuer of the bonds and the third party that purchased the real property, was authorized in this case. The issuer of the bonds was the contract debtor of the plaintiff and judgment for the amount of the plaintiff's bonds against this church was authorized. However, the present record is totally lacking in proof of any obligation of the third party to the plaintiff. It is true that the third party is the purchaser of the real property of the issuer of the bonds, but the bonds were unsecured and were not liens on the property. The evidence fails to show that the purchaser of the realty assumed or agreed to pay these obligations of the seller. The purchaser of the realty did agree to issue new bonds but, under the evidence in this case, it did not agree to pay the original bonds of the seller if the holders refused to accept the new bonds. Consequently, we can find no basis in the record for holding the third party purchaser of the realty liable on the original bonds issued by the seller. See *Foremost Dairy Products, Inc. v. Sawyer,* 185 Ga. 702 (196 SE 436) (1938). We, therefore, reverse this part of the trial court's judgment and affirm the remainder of it.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Gunter and Jordan, JJ., who dissent.*

SUBMITTED NOVEMBER 25, 1975 — DECIDED FEBRUARY 24, 1976.

*Preston L. Holland,* for appellants.
*Danny C. Bailey, Slutzky & Wolfe, Stanley K.*

*Slutzky,* for appellees.