## 58002, 58076. BARNETT MORTGAGE TRUST v. WOODS MILL, LTD. (two cases).

BANKE, Judge.

Barnett Mortgage Trust, appellant, entered into a standby commitment contract with appellee, Woods Mill, Ltd. This contract required Barnett, a real estate investment trust, to be ready to provide funds to pay a construction loan on an apartment complex being developed by Woods Mill. The period of the commitment was for 35 months, at a cost to Woods Mill of $173,250, payable at stated intervals. The contract contained various provisions which authorized cancellation or termination of the commitment by Barnett. On January 12, 1975, during the period of the commitment, Woods Mill gave Barnett the required notice that it intended to proceed with the loan. On January 29, 1975, Barnett responded with a declaration that the commitment was "cancelled," "null and void," and of "no further force and effect." The various reasons given related to Barnett's concern over Woods Mill's financial stability. Concurrent with its repudiation, Barnett returned to Woods Mill a $9,624 check intended as an installment payment of the commitment fee. The term of the standby commitment ended on March 12, 1975. On March 25, 1975, Barnett, by letter, indicated its willingness to make a loan to Woods Mill on terms differing in some respects from those in the original contract.

Barnett had collected $163,625 in fees under the contract. The trial court granted summary judgment in that amount for Woods Mill, while denying Barnett's motion for summary judgment. Case No. 58002 is an appeal from the former, while case No. 58076 is an appeal from the latter. *Held:*

1. Appellant Barnett contends that disputed factual issues remain which preclude summary judgment. The first involves the timeliness of Woods Mill's notice to Barnett that it would require the loan to be funded in accordance with the commitment contract. The notice was mailed on January 12, 1975. Barnett contends that it did not receive the notice within 60 days of the expiration date of the commitment as allegedly required under the

terms of the commitment. The applicable contract provision is as follows: "BMT (Barnett Mortgage Trust) must receive written notice from the borrower stating his intention to close this loan at least 60 days prior to the desired closing date. However, this loan may not be closed prior to 30 days before the expiration of this commitment." While it is clear that Woods Mill was required to give notice during the period of the commitment, there is nothing in this language which requires the closing itself to be held during the period of the commitment. The meaning of the contract, if its language is ambiguous, will be construed against the preparer. *Howkins v. Atlanta Baggage &c. Co.,* 107 Ga. App. 38 (1) (129 SE2d 158) (1962). Hence, while the date that Barnett received the notice may have been in dispute, the dispute has no legal significance.

2. Appellant's primary contention, both here and below, is that its repudiation letter of January 29, 1975, represented a tender of a breach of the contract, which required an election upon Woods Mill's part either to accept the repudiation by promptly bringing suit, or to keep the contract open insisting upon full compliance. However, it is clear from the record that Woods Mill did insist on full compliance throughout the remaining term of the contract. It has done nothing whatsoever to forfeit its right to sue for damages for Barnett's repudiation. See generally *Piedmont Life Ins. Co. v. Bell,* 103 Ga. App. 225 (119 SE2d 63) (1961). Accord, *Nikas v. Hindley,* 98 Ga. App. 437 (106 SE2d 335) (1958).

3. Appellant also contends that Woods Mill breached the contract by failing to provide certain reports and other documents called for by the contract for use at closing. However, appellant's repudiation, unretracted and often reiterated, relieved Woods Mill from any such obligation. See *Nikas v. Hindley,* supra.

4. Appellant urges that the trial court erred in failing to read two depositions which it filed in the case. However, it appears from the record that these depositions were not filed until after the final order had been entered. While the trial court is under a duty to read the entire record prior to granting summary judgment (*Realty Contractors, Inc. v. C. &. S. Nat. Bank,* 146 Ga.

App. 69 (245 SE2d 342) (1978)), the burden of perfecting the record lies with the parties. This enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JUNE 14, 1979 — DECIDED SEPTEMBER 4, 1979 —

*John J. Dalton, John L. Taylor, Jr., Corneill A. Stephens,* for appellant.

*Charles E. Watkins, Jr., David J. Bailey,* for appellee.