## 69506. TIP TOP POULTRY, INC. v. SMITH HOUSE, INC.
### (327 SE2d 825)

BENHAM, Judge.

Appellant filed suit against appellee, alleging a debt on an open account for poultry furnished to the Smith House of Marietta. In its answer, appellee asserted that it ran the Smith House in Dahlonega and was an entity separate and distinct from the Smith House of Marietta, Inc. The incorporating documents of the two corporations were made a part of the record and supported appellee's assertion. Appellee defended, stating that it was not responsible for the debt, because it was not a party to the verbal contract between appellant and the Smith House of Marietta. Summary judgment was awarded appellee, and appellant appealed.

1. Appellant maintains that summary judgment was inappropriate because a question of fact remained whether or not the actions of appellee's agents induced appellant to extend credit to appellee. How-

ever, there is no evidence that credit was ever extended to appellee. The record reflects that the poultry in question was delivered to the Smith House of Marietta; that invoices were sent to the Marietta address; and that payment was received in response to some of the invoices. Appellant contends that appellee is responsible for the Marietta debt because the general manager of appellee negotiated the sale of appellant's poultry to the Smith House of Marietta, and a credit application submitted in the name of the Smith House of Marietta, Inc., listed creditors of appellee as references. However, there is no averment stated generally or with particularity that the contract was induced by fraud. Instead, appellant maintains that appellee promised to pay the debt the Smith House of Marietta incurred, and likens the promise to an original undertaking. See *B. J. Howard Corp. v. Skinner, Wilson & Strickland,* 172 Ga. App. 180 (322 SE2d 306) (1984); *Lindsey v. Heard Oil Co.,* 170 Ga. App. 572 (317 SE2d 597) (1984); *Trans-State v. Barber,* 170 Ga. App. 372 (317 SE2d 242) (1984). However, unlike the creditors in the cited cases, appellant cannot point to words uttered by an agent of appellee that can be understood to be a promise to assume responsibility for the debt incurred by a third party, in this case, the Smith House of Marietta, Inc. Even if there were evidence of such a promise, as the trial court noted, "[t]he record is clear that during the course of dealing credit was given to a party other than [appellee]; the *Ross* [*v. W. P. Stephens Lumber Co.,* 138 Ga. App. 748 (227 SE2d 486) (1976)] exclusivity [of credit extension] requirement has not been met, and [appellant] is not entitled to recover from [appellee] on the oral contract at issue here."

2. The record in the trial court was supplemented on appeal with depositions taken in another action between these parties. That which was not taken into account by the trial court in rendering its decision will not be reviewed on appeal. See *Barnett Mtg. Trust Co. v. Woods Mill, Ltd.,* 151 Ga. App. 133 (4) (259 SE2d 140) (1979). Cf. *Global Assoc. v. Pan American Communications,* 163 Ga. App. 274 (1a) (293 SE2d 481) (1982).

*Judgment affirmed. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 7, 1985.

*Anthony Kirkland,* for appellant.
*David G. Crockett,* for appellee.