## 73310. KETCHAM et al. v. THE STATE.
(354 SE2d 171)

CARLEY, Judge.

Appellants Bonnie and Edwin Ketcham were tried before a jury on an indictment which charged them jointly with the offense of theft by taking. The jury found appellants guilty. Appellants appeal from the judgments of conviction and sentences entered on the jury's guilty verdicts.

1. The general grounds are raised in related enumerations of error. Appellants' contention is that, rather than their guilt of theft by taking, the evidence adduced by the State showed only a failure to pay a civil debt that they owed to the alleged victim.

"A person commits the offense of theft by taking when he unlawfully takes or, *being in lawful possession thereof, unlawfully appropriates* any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." (Emphasis supplied.) OCGA § 16-8-2. There was evidence in the instant case authorizing a finding that appellants were consignees of gasoline belonging to the victim and that, as such, they were in lawful possession of property belonging to the victim. Compare *Elliott v. State*, 149 Ga. App. 579, 580 (1) (254 SE2d 900) (1979); *Mathis v. State*, 161 Ga. App. 251 (288 SE2d 317) (1982). A consignee "is both a bailee and the sales agent of the bailor. [Cit.]" *Cobb Exchange Bank v. Byrd*, 108 Ga. App. 825, 826 (134 SE2d 871) (1964). " 'It is of course well settled that in a sale title passes to the buyer, while in an agency title remains in the principal, although possession is transferred to the agent.' [Cits.]" *Johnston-Crews Co. v. Smith*, 161 Ga. 382, 388 (2) (131 SE 65) (1925). "The mere fact that, as a memorandum of goods shipped, the [shipper] renders an invoice to the agent, and enters a 'charge' against him on its books, does not necessarily negative the fact of bailment or consignment. [Cits.]" *Payne v. American Agricultural Chem. Co.*, 66 Ga. App. 596 (2) (18 SE2d 635) (1942).

The evidence further authorized a finding that, in their capacity as consignees, appellants sold large quantities of the gasoline without accounting to the victim either for its disposition or for his share of the proceeds from its sale. Instead, appellants falsified the information supplied to the victim with regard to both the amount of his gasoline that they had actually sold and the proceeds that they derived therefrom. When confronted with the discrepancy, appellant Edwin Ketcham acknowledged, in effect, the unreported sale of the victim's gasoline and, in exchange for the promise to make periodic restitution, he prevailed upon the victim to continue to supply his gasoline to appellants. See generally *Cobb v. State*, 162 Ga. App. 314 (1) (291 SE2d 390) (1982). Notwithstanding this agreement, a subse-

quent discrepancy between the amount of gasoline actually sold and the amount reported by appellants as having been sold was discovered, which subsequent discovery precipitated the initiation of the criminal proceedings against appellants. "While the victim may have a civil remedy against the [appellants, his] civil remedy and the [S]tate's right of criminal prosecution are not mutually exclusive. [Cits.] The evidence shows the [appellants were] in total and absolute control of [property belonging to another], during which period [they] allegedly misappropriated [it]. Even though the parties had agreed to convert the money losses occurring before [a certain date] to a civil debt, other evidence disclosed the [appellants] took the property of the owner after that date without payment to the owner. After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the [appellants] beyond a reasonable doubt. [Cits.]" *McClure v. State*, 163 Ga. App. 236, 237 (1) (293 SE2d 496) (1982).

2. Appellants enumerate an evidentiary ruling by the trial court as error. The contested ruling precluded appellants from introducing evidence regarding the prior discharge in bankruptcy of a certain debt that they owed to the victim.

The debt discharged in bankruptcy would appear to concern a transaction between appellants and the victim that was entirely separate and distinct from the consignment of gasoline. Therefore, evidence in that regard would be entirely irrelevant to the instant criminal proceedings. As discussed in Division 1, this case does not concern civil liability on a "debt" for gasoline that was bought by appellants, but their criminal liability for the theft of gasoline that belonged to the victim. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. The trial court did not err in excluding any evidence as to the discharge in bankruptcy of appellants' irrelevant debt.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1987 —
REHEARING DENIED FEBRUARY 25, 1987 —

*D. Wayne Rogers*, for appellants.
*Joseph H. Briley, District Attorney*, for appellee.