## 42173, 42174. AMERICAN SURETY COMPANY OF NEW YORK v. GARBER; and vice versa.

FRANKUM, Judge. 1. "Any change in the nature or terms of a contract is called a novation; such novation, without the consent of the surety, discharges him." *Code* § 103-202. *Little Rock Furn. Co. v. Jones & Co.,* 13 Ga. App. 502 (1, 2) (79 SE 375); *Alropa Corp. v. Snyder,* 182 Ga. 305, 315 (3) (185 SE 352).

2. As applied to a promissory note "renewal" means the re-establishment of the particular obligation for an additional period of time. While there may be a change in the parties or an increase in the security, there is no renewal in this sense unless the obligation remains the same. *Lowry Nat. Bank v. Fickett,* 122 Ga. 489, 492 (50 SE 396); *King v. Edel,* 69 Ga. App. 607, 612 (26 SE2d 365).

3. One who takes a negotiable promissory note by assignment after maturity and with notice of its dishonor is not a holder thereof and takes it subject to all the outstanding equities and defenses available against the original payee thereof.

4. In a suit against an accommodation endorser brought by a transferee by assignment of a promissory note in the prin-

cipal amount of $13,000, where it appeared without dispute that when that note matured the debtor paid $1,000 on the principal and all accrued interest and other charges; that the creditor thereupon surrendered the note sued on to the principal debtor marking it "cancelled by renewal" and took a new note signed by the defendant as an accommodation endorser extending the time for the maturity of the obligation for an additional 90 days at the same rate of interest, and where thereafter at various intervals extending over a period of some 2 years the principal debtor paid the accrued interest and charges on the indebtedness, and on each occasion gave to the creditor a new note in the amount of $12,000 purportedly endorsed in the same capacity by the defendant, and received the old note marked "cancelled by renewal" in exchange therefor, and where more than a year after the defendant last affixed his signature to any such additional note the plaintiff advanced to the principal debtor an additional $500, taking in exchange for the then outstanding note in the amount of $12,000, which was surrendered to the principal debtor, a new note in the principal amount of $12,500 and bearing interest at the rate of 6 percent per annum (all such transactions having taken place prior to the effective date of the Uniform Commercial Code) such transactions amount to a novation and such a change in the nature and terms of the contract as to operate as a discharge of the defendant under the principles enunciated in the first and second headnotes, and the trial court properly directed a verdict as to both counts of the petition seeking a recovery on the original note.

5. The rulings of the trial court with respect to the admission of evidence as complained of in the other enumerations of error, if erroneous, are rendered harmless and moot by the ruling which we have made in the foregoing headnotes.

*Judgment affirmed on main appeal; cross appeal dismissed. Felton, C. J., and Pannell, J., concur.*

ARGUED JULY 5, 1966—DECIDED OCTOBER 31, 1966.

*Smith, Ringel, Martin & Lowe, Hoke Smith,* for appellant. *Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Louis Regenstein, Jr., Thomas E. Joiner,* for appellee.