**James D. OELLERICH and Margaret M. Oellerich, Plaintiffs-Appellants,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF AUGUSTA, Defendant-Appellee.**

No. 75–2723.

United States Court of Appeals, Fifth Circuit.

May 26, 1977.

T. J. Foss, Oliver K. Mixon, Augusta, Ga., for plaintiffs-appellants.

William M. Lester, John B. Long, Augusta, Ga., for defendant-appellee.

Before TUTTLE, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This case involves the truth-in-lending implications of a $1,140 fee imposed by defendant-lender upon plaintiffs, sellers of the mortgaged property, as a condition to the lender's waiver of the "due-on-sale" provision of the mortgage, which required the full amount of the loan plus accrued interest to be paid if ownership of the property was changed. Plaintiffs claim that Regulation Z, 12 C.F.R. § 226.1 *et seq.,* of the Truth-in-Lending Act, 15 U.S.C.A. § 1640, required defendant to disclose this fee as a finance charge imposed in connec-

tion with a refinancing. The district court granted defendant's motion for summary judgment on the ground that, because under applicable state law the sellers did not remain liable on the note either as principals or as sureties, the transaction was not a "refinancing," within the meaning of Regulation Z, 12 C.F.R. § 226.8(j), and therefore disclosure of the fee was not necessary. We affirm.

During the development of the truth-in-lending law, it may be as helpful to clearly reveal in an opinion what is not decided as well as what is decided.

We do not decide whether the due-on-sale provision, and the possibility of a charge in order to waive that provision, would have to be disclosed on the disclosure statement at the time of the original loan. The Federal Reserve Board has taken the position that such a provision is not required to be disclosed. Federal Reserve Board Public Position Letter 847 (October 9, 1974). Plaintiffs, however, do not raise any question as to the need for *initial* disclosure of the due-on-sale provision. Rather, they allege that the fee should have been in the disclosure statement provided when the purchasers bought the property from plaintiffs, assumed the loan, and the fee was required of plaintiffs.

Neither does this case decide whether an amount paid to avoid an acceleration must be disclosed at the time a loan is reinstated so that the original borrowers may resume payment of the installments, as provided in the original note.

Nor does this case decide whether disclosure would be required if, upon sale of the property and assumption of the loan by the purchasers, the sellers remain liable as sureties on the original note.

■ We do decide, however, that the payment made to avoid acceleration need not be included in the disclosure statement at the time the mortgage is assumed by the purchasers where all liability of the original borrowers is eliminated under state law because the lender and purchasers have modified the original note. Under such circumstances, there is no refinancing as to the

original borrowers, only a termination of financing, to which the regulatory disclosure provisions do not apply. The payment was made in consideration for release of the borrowers from the due-on-sale provision of the mortgage, not for further financing.

■ The Certificate of Assumption, signed by the sellers and purchasers, expressly provided that the assumption did not release the sellers-borrowers from liability on the original debt secured by the mortgage in the event the purchasers defaulted in payment of the note. The lender was not a party to this instrument. This provision, however, was immediately rendered unenforceable by the Modification Agreement, executed between the lender and the purchasers, which increased the interest rate on the note, thereby increasing the potential obligation of the sellers without their consent.

■ By the terms of the assumption agreement, the sellers were reduced in status from primary obligors to sureties. Georgia Code Ann. § 103–202 (1968) provides that "[a]ny change in the nature or terms of a contract is called a novation; such novation, without the consent of the surety, discharges him." Clearly, if the lender and the primary obligor change the interest rate or terms of the debt without the consent of the surety, the surety will be released from all liability for the debt. Georgia courts have given § 103–202 strict enforcement. *See, e. g., American Surety Co. v. Garber,* 114 Ga.App. 532, 151 S.E.2d 887 (1966); *W. T. Rawleigh Co. v. Overstreet,* 71 Ga.App. 873, 32 S.E.2d 574 (1944); *Alropa Corp. v. Snyder,* 182 Ga. 305, 185 S.E. 352 (1936); *Stapler v. Anderson,* 177 Ga. 434, 170 S.E. 498 (1933). We have no doubt that in this case the Georgia courts would regard the sellers as fully released from liability, and would allow the lender to look only to the purchasers and the property for satisfaction of the debt. The lender itself has conceded that the sellers did not remain liable on the note after execution of the Modification Agreement.

■ The sellers could be bound by this modification only if we were to find that

they consented to the increased interest rate. Plaintiffs do not assert that express consent exists, and we do not perceive sufficient facts to warrant a finding of implied consent. The facts of this case are distinguishable from those of *Wrenn v. Massell Realty Co.*, 49 Ga.App. 418, 176 S.E. 60 (1934), in which the Georgia Court of Appeals found implied consent on the part of the original debtors-sureties to be bound by an extension agreement executed between the purchaser and lender, where the sureties authorized the purchaser to arrange the loan himself, later expressed satisfaction with the arrangement and then assisted the lender and purchaser in carrying it out. In this case, although the original borrowers knew of the modification made between the purchasers and the lender, nothing in the record indicates that the sellers agreed to be bound as sureties on the *modified* debt. Under Georgia law, the original debtors-sellers were discharged.

There being no further indebtedness on the part of the original borrowers, there has been no "refinancing," or increase in an existing obligation, such that disclosure is required under truth-in-lending law. 12 C.F.R. § 226.8(j).

AFFIRMED.