## A91A1716. BREUS et al. v. McGRIFF.
(413 SE2d 538)

SOGNIER, Chief Judge.

George E. McGriff, Jr. brought suit on a note against B & R No. 1, Inc., a general partner of the limited partnership that made the note, and against J. Alan Breus and Bertram Robinson as general partners and individual guarantors of the obligation. The trial court entered summary judgment for McGriff, and the defendants appeal.

On October 29, 1985, the partnership and appellants executed the note and guarantees in favor of Habersham Federal Savings Bank. Habersham assigned its rights in the note to appellee on April 1, 1988, and as part of the same transaction financed appellee's purchase of the note and made other loans to a corporation controlled by appellee. Appellee and the partnership, through appellants, executed a modification of the note sub judice whereby appellee agreed to extend the repayment period and change the interest rate terms. Upon the partnership's default on the note in April 1990 and appellants' failure to satisfy the debt due, appellee filed this action.

1. Appellants assert the trial court's grant of summary judgment to appellee was error because a fact question remains as to whether the assignment of the note from Habersham to appellee was supported by adequate consideration. This contention is without merit. Appellants are strangers to the assignment contract between appellee and Habersham and thus have no standing to challenge its validity. "It is no defense by the maker of a note that the transfer of the note by the payee to the transferee is without consideration. The transferee, as the holder of a note indorsed to him by the payee, is the holder of the legal title, and can maintain suit thereon. It is immaterial to any right of the maker whether the transfer was made for a consideration." *Thompson v. Wright*, 53 Ga. App. 875, 876 (4) (187 SE 311) (1936). Even assuming, without deciding, that appellee had some notice at the time of the assignment that the note was overdue and thus was not a holder in due course, see OCGA § 11-3-302 (1) (c), appellants nonetheless would be entitled to challenge only the adequacy of the consideration of the note *they* made with Habersham. See, e.g., *Commercial Credit &c. Corp. v. Reeves*, 110 Ga. App. 701 (139 SE2d 784) (1964); accord *American Surety Co. v. Garber*, 114 Ga. App. 532 (3) (151 SE2d 887) (1966) (assignee who is not a holder in due course takes note subject to defenses that could have been asserted by payor against original payee).

In addition, even if the assignment from Habersham to appellee did lack some essential element (a question on which we intimate no opinion), by executing the modification and dealing with appellee as they would have dealt with Habersham appellants effectively recognized appellee as the payee. *Merchants Grocery Co. v. Shawnee Mill-*

*ing Co.*, 86 Ga. App. 848, 852 (72 SE2d 797) (1952). "This being so, regardless of whether there had been a proper assignment of the [note] to [appellee], such as would legally bind [appellants], . . . [appellants] will not now be heard to complain of the legality of this assignment and to question the right of [appellee] to proceed thereunder against [them]. [Having] dealt with [appellee] as having properly acquired this [note,] . . . [appellants are] therefore now estopped from raising the question." Id.

2. Appellants' contention that the grant of summary judgment was improper because appellee's supplemental affidavit purportedly contradicted his deposition testimony is similarly without merit, as the issue addressed in the challenged testimony is not material to this action and thus has no legal significance. Compare *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) (contradictory testimony on material factual question may preclude summary judgment) with *Barnett Mtg. Trust v. Woods Mill*, 151 Ga. App. 133-134 (1) (259 SE2d 140) (1979) (summary judgment proper because disputed issue not material to the case). Moreover, appellee withdrew his affidavit before the trial judge ruled on the motion for summary judgment.

3. We decline appellee's invitation to assess a frivolous appeal penalty.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 5, 1991.

*McRae, Lambrecht & Wagner, C. David Johnston, Benjamin H. Pruett*, for appellants.

*Ford & Harrison, F. Carter Tate, James A. Dunlap, Jr.*, for appellee.