2013 UT App 88

# THE UTAH COURT OF APPEALS

STEVEN R. KEMP,

*Plaintiff and Appellant,*

*v.*

WELLS FARGO BANK, NA AND
HSBC BANK USA, NATIONAL ASSOCIATION,

*Defendants and Appellees.*

Memorandum Decision
No. 20120099-CA
Filed April 11, 2013

Second District, Farmington Department
The Honorable John R. Morris
No. 110703609

E. Craig Smay, Attorney for Appellant
James D. Gardner and Stewart O. Peay, Attorneys for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES JAMES Z. DAVIS and
MICHELE M. CHRISTIANSEN concurred.

VOROS, Judge:

¶1     Steven R. Kemp appeals the trial court's dismissal of his
action for failure to state a claim on which relief can be granted. *See
generally* Utah R. Civ. P. 12(b)(6). We dismiss the appeal.

¶2     According to the facts alleged in Kemp's complaint, Kemp
financed the purchase of a home with two loans from Wells Fargo
Bank, NA. The loans were evidenced by two promissory notes (the
Notes), each secured by a trust deed encumbering the home (the

Trust Deeds). Later, the Notes were pooled with other notes and transferred to a securitized trust, with HSBC Bank USA, National Association, as the trustee. The trustee issued certificates to investors (the Investors), giving them an interest in the trust assets in the form of mortgage-backed securities.

¶3     Kemp brought an action seeking a declaratory judgment that Wells Fargo and HSBC Bank (collectively, Appellees) have no interest in the Notes and Trust Deeds and thus no right to collect payments, engage in loan modification negotiations, or foreclose on the Trust Deeds in the event of default. Kemp also sought a declaration identifying the rightful holders of the Notes and Trust Deeds. To the extent the Investors are the rightful holders but do not appear and assert their interests, Kemp asked the court to quiet title to the property in him, unencumbered by the Trust Deeds. The trial court dismissed his complaint on multiple grounds, including lack of standing.[1]

¶4     Again on appeal, Appellees argue that Kemp lacks standing. "'[S]tanding is a jurisdictional requirement that must be satisfied' before a court may entertain a controversy between two parties." *Jones v. Barlow*, 2007 UT 20, ¶ 12, 154 P.3d 808 (alteration in original) (quoting *Washington County Water Conservancy Dist. v. Morgan*, 2003 UT 58, ¶ 6 n.2, 82 P.3d 1125).

¶5     Standing to seek a declaratory judgment requires four elements: "(1) there must be a justiciable controversy; (2) the interests of the parties must be adverse; (3) the parties seeking

---

1. The trial court dismissed the case "based on the arguments presented by both parties." In addition to arguing that Kemp's suit was foreclosed by *Commonwealth Property Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, 2011 UT App 232, 263 P.3d 397, Defendants, now Appellees, supported their motion to dismiss by arguing that Kemp lacked standing. The trial court apparently agreed.

relief must have a legally protectible interest in the controversy; and (4) the issues between the parties must be ripe for judicial determination." *Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983) (citation and internal quotation marks omitted). The basic elements of the traditional test for standing are actual or potential injury, causation, and redressability. *Brown v. Division of Water Rights of Dep't of Natural Res.*, 2010 UT 14, ¶¶ 17–18, 228 P.3d 747. In the context of a quiet title action, this means that standing is "limited to parties who could acquire an interest in the property created by the court's judgment or decree." *Holladay Towne Ctr., LLC v. Brown Family Holdings, LLC*, 2011 UT 9, ¶¶ 43, 54, 248 P.3d 452 (citation and internal quotation marks omitted).

¶6      Appellees argue that Kemp has not suffered any injury and will not suffer any potential injury, because the Notes are not in default. Kemp has continued to make timely payments on the Notes and stated in his complaint that he "will continue to do so." The loans have not been accelerated and no foreclosure proceedings are pending or imminent. Appellees argue that Kemp lacks standing for another reason as well: Despite Kemp's characterization of the claim as an effort to determine whom he must pay, Appellees argue that Kemp is in essence seeking to challenge the securitization of the Notes. Appellees argue that Kemp lacks standing to bring such a challenge because he was not a party to the assignment of the Notes. *See City of Grantsville v. Redevelopment Agency of Tooele City*, 2010 UT 38, ¶ 14, 233 P.3d 461 ("[W]ith the exception of those who are third-party beneficiaries or assignees, only those who are a party to a contract have a legally protectable interest in that contract."); *Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991) (holding that guarantors of a note were "strangers to the assignment contract" between the lender and assignee "and thus have no standing to challenge its validity").

¶7      Appellees thus make a plausible case that Kemp lacks standing. Yet Kemp makes no response in his reply brief. He does not cite any authority addressing the requirements of standing, nor does he identify or discuss those requirements and how they may

be satisfied in this case. *See generally* Utah R. App. P. 24(a)(9) ("The argument shall contain the contentions and reasons of the appellant with respect to the issues presented . . . with citations to the authorities, statutes, and parts of the record relied on."). Indeed, he does not acknowledge that Appellees have challenged his standing to proceed. After responding to the Appellees' estoppel argument, Kemp simply states that Appellees' brief is "otherwise irrelevant."

¶8      The standing challenge is not irrelevant. Our case law makes clear that when a party's standing to appeal is challenged, that party carries the burden to show that he has standing to invoke the court's jurisdiction:

> "On appeal, a party whose standing is challenged must show that he or she had standing under the traditional test in the original proceeding before the district court. In addition, an appellant generally must show both that he or she was a party or privy to the action below and that he or she is aggrieved by that court's judgment."

*Chen v. Stewart*, 2005 UT 68, ¶ 50, 123 P.3d 416 (quoting *Society of Prof'l Journalists, Utah Chapter v. Bullock*, 743 P.2d 1166, 1171 (Utah 1987)); *see also Brown*, 2010 UT 14, ¶ 14 (stating that the party invoking jurisdiction bears the burden of establishing standing); *State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448 ("It falls squarely upon an appellant to surmount the filing, briefing, and persuasion burdens associated with an appeal.").

¶9      We express no opinion as to whether Kemp in fact has standing. But by remaining silent in the face of a plausible challenge to his standing, Kemp has failed to carry his burden of establishing that he has standing to invoke our jurisdiction to

address the merits of his appeal. Consequently, we dismiss the appeal.[2]

––––––––––

2. Because Kemp's lack of standing served as an independent alternative ground for the trial court's ruling, *see supra* ¶ 3 n.1, Kemp's failure to address standing would be fatal to his appeal even if our jurisdiction had been properly invoked. *See Salt Lake County v. Butler, Crockett & Walsh Dev. Corp.*, 2013 UT App 30, ¶ 28 ("This court will not reverse a ruling of the trial court that rests on independent alternative grounds where the appellant challenges only one of those grounds.").