2013 UT App 300

**COMMONWEALTH PROPERTY ADVOCATES, LLC, Plaintiff and Appellant,**

v.

**U.S. BANK NATIONAL ASSOCIATION, Defendant and Appellee.**

No. 20111003–CA.

Court of Appeals of Utah.

Dec. 27, 2013.

George W. Pratt and Jessica P. Wilde, Salt Lake City, Attorneys for Appellee.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judge STEPHEN L. ROTH and Senior Judge RUSSELL W. BENCH concurred.[1]

Memorandum Decision

ORME, Judge:

¶ 1 Commonwealth Property Advocates, LLC appeals the district court's order granting summary judgment to U.S. Bank National Association. We affirm.

¶ 2 This case was originally assigned to a district court judge who recused himself. The case was then mistakenly reassigned to *both* Judge Charlene Barlow and Judge Terry Christiansen. U.S. Bank sought speedy resolution of the matter by filing a motion for judgment on the pleadings. Judge Christiansen requested supplemental briefing, heard oral argument, and took the matter under advisement, unaware that Judge Barlow was also considering the case. Meanwhile, Judge Barlow entered a ruling on U.S. Bank's motion without hearing argument and granted summary judgment against Commonwealth.[2] Judge Christiansen then learned of Judge Barlow's ruling and recused himself, noting, "Since the case has been dismissed and this Court's decision would have had the same result as Judge Barlow's decision, the Court recuses itself from any further proceedings in this case." Judge Christiansen also ordered "the clerk of the court to correct the docket to reflect that the case was reassigned to the Honorable Charlene Barlow."

E. Craig Smay, Salt Lake City, Attorney for Appellant.

**1.** The Honorable Russell W. Bench, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin.R. 11–201(6).

**2.** Judge Barlow treated U.S. Bank's motion for judgment on the pleadings as one for summary judgment because she considered matters outside the pleadings. *See generally* Utah R. Civ. P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]"). Neither party challenges this characterization on appeal.

Additionally, we note that rule 12(c) also provides that once evidence outside the pleadings is presented and not excluded, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* It does not appear that the district court complied with this portion of rule 12(c). However, nothing in the record indicates that Commonwealth asked for such an opportunity, and Commonwealth likewise failed to raise this issue on appeal. We therefore do not address it further. *See Hebertson v. Willowcreek Plaza*, 923 P.2d 1389, 1391 n. 2 (Utah 1996).

¶ 3 Commonwealth protests the result of this aberrational sequence of events because "the deciding judge had no [supplemental] memoranda, and the judgment was rubber-stamped without any evidence any judge considered the memoranda." However, Commonwealth does not provide any additional analysis or legal authority to support its contention that the procedural irregularity is fatal to the summary judgment, and this failure constitutes inadequate briefing. *See* Utah R.App. P. 24(a)(9) (stating that briefs must contain reasoned analysis based upon relevant legal authority). *See also Schefski ex rel. Coleman v. Stevens,* 2000 UT 98, ¶ 7, 17 P.3d 1122 (discussing what constitutes inadequate briefing and noting that the court will not address arguments that are not adequately briefed). As a result, we do not further address Commonwealth's criticism of the procedural irregularities below.[3]

¶ 4 Turning to the issue that we conclude is dispositive, Judge Barlow determined that Commonwealth did not have standing to bring this lawsuit, because it was not a party to the promissory note or deed of trust, and thus had no basis on which to challenge the claimed missteps in the foreclosure process. Commonwealth did not challenge this ruling in its opening brief. In arguing for summary affirmance in its brief, U.S. Bank contended that Commonwealth's failure to raise the issue on appeal meant that the issue had been waived. Commonwealth *then* assailed Judge Barlow's standing determination in its reply brief. "It is well settled that 'issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court.'" *Allen v. Friel,* 2008 UT 56, ¶ 8, 194 P.3d 903 (quoting *Brown v. Glover,* 2000 UT 89, ¶ 23, 16 P.3d 540).

¶ 5 In its reply brief, Commonwealth claimed that it did not challenge Judge Barlow's ruling based on lack of standing in its opening brief because its appeal was taken from Judge Christiansen's ruling, not Judge Barlow's[4] Such an appeal would appear to be futile, however, because Judge Christiansen never entered a final appealable order but bowed out of the case, deferred to Judge Barlow, and endorsed her decision. In any event, Commonwealth's characterization in its reply brief appears to have been something of an afterthought, as its opening brief contains a front-cover caption unambiguously indicating that its appeal was taken from Judge Barlow's decision.[5]

¶ 6 Because it is clear that Commonwealth was appealing Judge Barlow's ruling—and, all things considered, appropriately so—but failed to challenge the primary basis for her decision in its opening brief, we will not consider the belatedly raised arguments concerning the validity of the district court's determination that Commonwealth lacked standing. *See id.* ¶¶ 4, 8. Accordingly, we affirm the district court's grant of summary judgment in favor of U.S. Bank.[6]

---

3. Even if Commonwealth had adequately briefed this issue, we would likely conclude that the procedural deviations were merely harmless error. *See generally* Utah R. Civ. P. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). This is especially true in light of Judge Christiansen's statement that his "decision would have had the same result as Judge Barlow's decision."

4. At oral argument, counsel for Commonwealth offered a different rationale for not challenging Judge Barlow's ruling, namely that standing was not addressed initially because Commonwealth's standing seemed so obvious as to not require explanation.

5. The opening brief caption reads: "Trial Court and Judge: Appeal from the Third District Court, Salt Lake County, Case No. 100404022, Judge Charlene Barlow." Simultaneously with making its reply brief argument that it was not appealing from Judge Barlow's decision and thus had no occasion to challenge her standing determination, Commonwealth changed the caption on its reply brief to read: "Trial Court and Judge: Appeal from the Third District Court, Salt Lake County, Case No. 100404022, Judge Terry Christiansen."

6. This case is significantly different from the situation when an appellant's standing to appeal is challenged in an appellee's brief and the appel-

lant then addresses the alleged lack of standing in a reply brief. *See, e.g., Kemp v. Wells Fargo Bank, NA,* 2013 UT App 88, ¶¶ 7–8, 301 P.3d 23 (indicating that *appellate* standing can be addressed for the first time in the reply brief). Here, U.S. Bank correctly argues that Commonwealth waived any challenge to the *district*

*court's* standing determination—not that Commonwealth lacks standing to appeal.

