[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14226
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-02911-RWS

RODERIC WALKER,
Trustee for 220 Highland Lake Land Trust,

Plaintiff -Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for Citigroup Mortgage Loan Trust Inc.
Asset Back Pass-Through Certification Series 2005 HE3,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
collectively known as MERS,
a.k.a. MERS, Inc.,

Defendants -Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 16, 2014)

Before  MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Roderic Walker, *pro se* plaintiff acting as trustee for 220 Highland Lake Land Trust, appeals the district court's denial of his motion for reconsideration, Fed.R.Civ.P. 59(e), its denial of his motion for remand, and its dismissal of his complaint for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6).  Walker's complaint alleged wrongful foreclosure, improper securitization, fraud, and unclean hands based on the Defendants' assignment of a security deed.  On appeal, Walker argues that the district court lacked subject matter jurisdiction.  He also asserts that the district court erred in dismissing his wrongful foreclosure and improper securitization claims because the assignment of the security deed was invalid, and he had standing to challenge the assignment's validity.

We liberally construe the pleadings of *pro se* litigants, but issues that a *pro se* litigant has not clearly raised on appeal are deemed abandoned.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  We review the denial of a motion for reconsideration for an abuse of discretion.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).  A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id*. at 740 (quotation omitted).

2

The denial of a motion to remand a removed state court action is reviewed *de novo*. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). A civil action brought in state court can be removed to a federal district court that had subject matter jurisdiction to hear the case initially. 28 U.S.C. § 1441(a). If a plaintiff does not plead a specific amount of damages, a defendant seeking removal based on diversity of citizenship must prove that the amount in controversy more likely than not exceeds the jurisdictional minimum. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The value of the property determines the amount in controversy where a right of property is disputed. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). [1] Additionally, we have held that the value of an injunction is the "monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000).

We also review *de novo* a district court's grant of a motion to dismiss for failure to state a claim, accepting the complaint's factual allegations as true and construing them in the light most favorable to the plaintiff. *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). Under Georgia law, a plaintiff who asserts a claim of wrongful foreclosure must show: (1) "a legal duty owed to it

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

by the foreclosing party," (2) "a breach of that duty," (3) "a causal connection between the breach of that duty and the injury it sustained, and" (4) "damages." *DeGolyer v. Green Tree Servicing, LLC*, 662 S.E.2d 141, 147 (Ga. Ct. App. 2008) (quotation omitted).  With respect to assignment contracts, Georgia law dictates that a litigant who was not a party to an assignment contract is a stranger to that contract and lacks standing to challenge it.  *Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991).  Georgia courts have not held that securitization invalidates a mortgage or extinguishes the underlying debt.

Walker's appellate brief did not clearly address the district court's decisions, merely reiterating arguments found in prior pleadings and motions and stating conclusions of law without underlying facts.  Thus, Walker's brief is so deficient that all issues have been abandoned on appeal.  *Timson*, 518 F.3d at 874.

Even if Walker did not abandon the issues he mentioned in his brief, the district court did not err.  The district court did not abuse its discretion when it denied Walker's motion for reconsideration because Walker presented no evidence, arguments, or law that was unavailable at the time of judgment. *Richardson*, 598 F.3d  at 740.  The district court properly determined that it had subject matter jurisdiction based on diversity of citizenship because Walker did not argue that the parties were not diverse, and the amount in controversy, based on either the value of the disputed property or the value of the loan, far exceeded the

4

jurisdictional requirement.  *Waller*, 296 F.2d at 547-48; *Cohen*, 204 F.3d at 1077.

The district court also properly dismissed Walker's wrongful foreclosure claim

because Walker alleged none of the elements of a wrongful foreclosure claim in his

complaint, and he lacked standing to challenge the assignment that formed the

basis of his claim.  *DeGolyer*, 662 S.E.2d at 147; *Breus*, 413 S.E.2d at 539.  The

district court properly dismissed Walker's improper securitization claim because

Georgia courts have not held that improper securitization extinguishes obligation

to pay a loan, so no relief could be granted.  Accordingly, we affirm.


        **AFFIRMED.**