[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15775
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-04207-ODE

GINETTE SAINT CILIEN,

Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,
PENDERGAST & ASSOCIATES, P.C.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 1, 2017)

Before TJOFLAT, WILLIAM PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Ginette St. Cilien, proceeding pro se,[1] appeals the district court's dismissal of her amended complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff filed this civil action against U.S. Bank, National Association ("U.S. Bank") and the law firm Pendergast & Associates, P.C. ("Pendergast"), seeking to challenge the foreclosure proceedings on her home.  No reversible error has been shown; we affirm.

We review de novo the district court's dismissal of a case under Rule 12(b)(6), "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  To survive dismissal for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (quotations omitted).  Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted).  To state a plausible claim for relief, plaintiffs must go beyond merely pleading the "sheer possibility" of

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

unlawful activity by a defendant; Plaintiffs must offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

I.

On appeal, Plaintiff first challenges the district court's dismissal of her claim for declaratory relief.  Briefly stated, Plaintiff sought a declaration that the assignment of her mortgage note from Mortgage Electronic Registration Systems Incorporated ("MERS") to U.S. Bank was invalid under Georgia law.  The district court dismissed Plaintiff's declaratory judgment claim on grounds that Plaintiff lacked standing to challenge the assignment.  We agree.

Because Plaintiff -- as the borrower -- was no party to the assignment contract between MERS and U.S. Bank, she lacks standing to challenge the validity of the transfer.  See Breus v. McGriff, 413 S.E.2d 538, 539 (Ga. Ct. App. 1991).  The district court, thus, committed no error in dismissing Plaintiff's claim for declaratory judgment.

II.

Plaintiff next challenges the district court's dismissal of her claim against U.S. Bank for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(f) ("RESPA"). Construed liberally, Plaintiff's complaint alleges that -- during the course of handling Plaintiff's loan modification process -- U.S. Bank violated RESPA by failing to comply with various notification provisions set forth in 12 C.F.R. §§ 1024.39, 1024.40, and 1024.41(g).

RESPA prohibits a mortgage servicer from moving for a foreclosure judgment or from conducting a foreclosure sale until after a borrower's loss-mitigation process has been completed. See 12 C.F.R. § 1024.41(g). This "dual-tracking" prohibition applies only when a borrower submits a complete loss-mitigation application after a servicer has initiated the foreclosure process but more than 37 days before the foreclosure sale. Id. Because Plaintiff alleges no facts about when U.S. Bank first initiated the foreclosure process or when the foreclosure sale on her home ultimately took place, Plaintiff has alleged no violation of 12 C.F.R. § 1024.41(g).

The regulation codified at 12 C.F.R. § 1024.39 governs the method and time in which a mortgage servicer must notify a borrower of her delinquency and -- if applicable -- of the availability of loss mitigation. Because Plaintiff's complaint

4

contains no allegations about how or when U.S. Bank contacted her after Plaintiff first defaulted on her mortgage loan, Plaintiff has stated no claim for a violation of section 1024.39.

Plaintiff's claim for violations of 12 C.F.R. § 1024.40 also fails to state a claim for relief. The regulation imposes on mortgage servicers a duty to maintain policies and procedures governing the servicer's communications with delinquent borrowers. Plaintiff makes no allegation that U.S. Bank failed to enact such policies. Instead, Plaintiff asserts that U.S. Bank failed to provide accurate information to her about the loss-mitigation process. Although the complaint sets out some details about the communication between Plaintiff and U.S. Bank representatives, Plaintiff has alleged insufficient facts from which we may infer reasonably that U.S. Bank provided inaccurate information to Plaintiff about the loss-mitigation process. Plaintiff thus states no plausible claim for relief under section 1024.40.[2]

Construed liberally, Plaintiff's complaint attempts to assert a claim under the Truth in Lending Act ("TILA"): one based on U.S. Bank's failure to provide her monthly statements. The TILA claim also fails. Because Plaintiff was a debtor in bankruptcy during the pendency of her loss-mitigation application, U.S. Bank was

---

[2] We also note that -- unlike 12 C.F.R. § 1024.41 -- the regulations set forth in sections 1024.39 and 1024.40 provide no private cause of action. Compare 12 C.F.R. § 1024.41(a) ("A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA."), with 12 C.F.R. §§ 1024.39, 1024.40.

exempted from the notice requirements under TILA.  See 12 C.F.R.
§ 1026.41(e)(5).


III.


Plaintiff also purports to assert against both defendants claims for violation
of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"), and the
Georgia Fair Business Practices Act, O.C.G.A. § 10-1-393 ("GFBPA").

The FDCPA prohibits a "debt collector" from using a "false, deceptive, or
misleading representation or means in connection with the collection of any debt,"
including "threat[ening] to take any action that cannot legally be taken."  15 U.S.C.
§ 1692e(5).  To state a plausible claim for relief under the FDCPA, "a plaintiff
must allege, among other things, (1) that the defendant is a 'debt collector' and (2)
that the challenged conduct is related to debt collection."  Reese v. Ellis, Painter,
Ratterree & Adams LLP, 678 F.3d 1211, 1216 (11th Cir. 2012).

Plaintiff's first FDCPA claim is based on Pendergast's filing -- on U.S.
Bank's behalf -- of a motion to lift the automatic stay in Plaintiff's bankruptcy
proceeding.  In particular, Plaintiff contends that, in its motion to lift the stay,
Pendergast represented falsely that U.S. Bank was the "holder or servicer" of

Plaintiff's loan when -- according to Plaintiff -- U.S. Bank was no holder of the loan.

This claim fails. First, because Plaintiff lacks standing to challenge the validity of the assignment of her mortgage loan to U.S. Bank, Plaintiff may not assert that U.S. Bank was no lawful holder of the loan. Also, nothing in Plaintiff's loan modification paperwork can be construed as indicating that Federal Home Loan Mortgage Company ("Freddie Mac") was the holder of Plaintiff's loan.

Second, Plaintiff has failed to allege facts demonstrating that U.S. Bank is a "debt collector" within the meaning of the FDCPA. See 15 U.S.C. § 1692a(6) (defining the term "debt collector"); Davidson v. Capital One Bank (USA), N.A., 797 F.3d 1309, 1314 (11th Cir. 2015). Plaintiff has also failed to allege facts sufficient to demonstrate plausibly that the motion to lift the automatic stay constituted an attempt not to enforce a security interest, but to collect on a debt.

Plaintiff's second FDCPA claim is based on Plaintiff's allegation that U.S. Bank told Plaintiff that her home would be foreclosed upon if she did not bring her account current. Plaintiff contends that U.S. Bank lacked authority to foreclose for two reasons: (1) because U.S. Bank failed to comply with RESPA's notice provisions; and (2) because U.S. Bank was no holder of her loan. As a result, U.S. Bank's threat to foreclose constituted a threat to take action it could not legally take, in violation of the FDCPA.

About Plaintiff's first argument, we have already determined that Plaintiff failed to allege sufficiently a RESPA violation.  Plaintiff also lacks standing to challenge the validity of the assignment of the loan to U.S. Bank.  Accordingly, because U.S. Bank was the assignee of the security deed, U.S. Bank had authority -- under Georgia law -- to foreclose under the terms of the security deed.  See You v. J.P. Morgan Chase Bank, N.A., 743 S.E.2d 428, 433 (Ga. 2013).  U.S. Bank, thus, made no threat to take action it was not legally authorized to take.

Plaintiff has alleged no plausible claim for a violation of the FDCPA. Because Plaintiff's claims under the GFBPA are based only on Defendants' alleged violations of FDCPA, Plaintiff's GFBPA claims were also subject to dismissal for failure to state a claim.

## IV.

Plaintiff asserted a claim against U.S. Bank for negligent infliction of emotional distress, based on U.S. Bank's alleged violation of duties owed to Plaintiff under RESPA.  Because we have concluded that Plaintiff failed to state a RESPA claim against U.S. Bank and because Plaintiff identifies no other alleged breach of a duty owed to Plaintiff, the district court dismissed properly Plaintiff's

negligence claim.

AFFIRMED.