**2017 UT App 196**

# THE UTAH COURT OF APPEALS

SCOTT M. BRAND AND APRIL G. BRAND,
Appellants,
*v.*
AMY S. PAUL,
Appellee.

Opinion
No. 20160239-CA
Filed October 26, 2017

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 140908751

Vincent C. Rampton, Attorney for Appellants

Matthew M. Boley and William G. Garbina,
Attorneys for Appellee

JUDGE JILL M. POHLMAN authored this Opinion, in which JUDGES
KATE A. TOOMEY and DAVID N. MORTENSEN concurred.

POHLMAN, Judge:

¶1      This case involves a dispute between neighbors, in which
both sides claim ownership of a strip of land that adjoins their
respective properties (the subject property). Each side pursued a
quiet title action against the other, and the district court granted
summary judgment in favor of Amy S. Paul, the trustee of the
Amy S. Paul Trust (the Trust), concluding that the Trust had
acquired all right, title, and interest in, as well as marketable title
to, the subject property. Scott M. Brand and April G. Brand
appeal. We affirm in part and dismiss the remainder of the
appeal for lack of jurisdiction.

¶2      Before the district court, and on appeal, both parties
claimed that the subject property was at one time part of a larger

parcel of land owned by Mary Judge. Both parties also claimed that ownership of that larger parcel, including the subject property, subsequently passed to Judge's five children, who divided the parcel among themselves. But the parties disagreed as to whether the subject property was included in a conveyance to one of the children, Frances Woodward, or whether the children left the subject property undivided.

¶3     The Trust moved for summary judgment, asserting that the subject property had been conveyed to Frances Woodward and that, through a chain of subsequent conveyances, title now rests in the Trust. In response, the Brands asserted that (1) the subject property had not been conveyed to Frances Woodward but had been left undivided, (2) the Trust did not obtain title to the subject property through its chain of subsequent conveyances, and (3) the Brands had obtained title to the subject property through a quitclaim deed from Andrew Woodward, who the Brands asserted was a descendant of Frances Woodward, and had allegedly conveyed all of his right, title, and interest in and to the subject property to the Brands.[1]

---

1. In the district court, the Brands initially averred that the subject property had been inadvertently omitted from the conveyances in their chain of title, and on that basis the Brands asserted the subject property should be included within their property. But in response to the Trust's motion for summary judgment, the Brands effectively abandoned that theory and adopted the theory set forth above, representing to the district court that their original theory was incorrect and conceding that absent the quitclaim deed from Andrew Woodward the Brands' property "never included in whole or in part the Subject Property." While the Brands assert on appeal that they sought to pursue both theories of ownership in the alternative, that assertion rings hollow given the Brands' representations to the district court that their original theory was incorrect and that

(continued…)

¶4 During the hearing on the motion for summary judgment, the Trust asserted that the Brands had no basis for challenging the Trust's title to the subject property, for while the Trust had, at a minimum, "colorable title," the Brands had "nothing except for a deed that is not enforceable as a matter of law . . . from someone who may or may not be a[n] . . . heir of one of the . . . children" and who "did not have title[,] [b]ecause no title was passed to him under a will, trust, or decree of distribution." The Trust further claimed that there was "no chain" linking the Brands' alleged heir to ownership of the subject property, which the Brands asserted had remained undivided among the five Judge children.

¶5 The district court granted summary judgment in favor of the Trust, concluding that the subject property had been conveyed to Frances Woodward and, through a chain of subsequent conveyances, the Trust had acquired all right, title, and interest in, as well as marketable title to, the subject property. With respect to the Brands' claim of ownership, which was premised on the quitclaim deed obtained from Andrew Woodward, the district court concluded that (1) "the subject property had already been transferred from [Frances Woodward] to [another entity], and therefore, [Frances Woodward] would not have [had the] property in her estate and thus any decedent . . . would not have obtained the property in question"; and (2) "[f]urther, there is no evidence the property was in the estate of Frances Woodward at the time of her death."

¶6 On appeal, as in the district court, the Trust asserts that the Brands have no basis for challenging its title to the subject

---

(…continued)
their position had changed—representations that the Brands reiterated in oral argument on appeal. The Brands do not attempt to defend their original theory of ownership on appeal, and we do not address it further.

property. Specifically, the Trust asserts that the Brands' "quitclaim deed from Andrew Woodward, without more, fails to give them standing" to challenge the Trust's property interest. The Brands contend they have standing because they claim an interest in the subject property and, had the case progressed to trial, they would have established that interest. But the Brands also acknowledge that they still "needed to trace passage of title through the estates of Mary Judge's heirs *to see if* either legal or equitable title had devolved upon their grantor through the process of descent and distribution." (Emphasis added.) The Brands also assert, erroneously, that the district court ruled solely on the Trust's claim of ownership, without "making any determination of [the] Brands' title under the estate of Mary Judge," despite the district court's conclusion that there was "no evidence the [subject] property was in the estate of Frances Woodward at the time of her death" and that title to the subject property could thus have passed to any of her descendants.

¶7     "Since standing is a jurisdictional requirement, we first must determine whether" the Brands have standing to pursue on appeal their challenge to the district court's determination that title rests in the Trust. *See Gregory v. Shurtleff*, 2013 UT 18, ¶ 9, 299 P.3d 1098. The Brands carry the burden of showing their standing to appeal: "[W]hen a party's standing to appeal is challenged, that party carries the burden to show that he has standing to invoke the court's jurisdiction." *Kemp v. Wells Fargo Bank, NA*, 2013 UT App 88, ¶ 8, 301 P.3d 23. An appellant whose standing is challenged must show not only that "he or she had standing under the traditional test in the original proceeding before the district court," but also "generally must show both that he or she was a party or privy to the action below and that he or she is aggrieved by that court's judgment." *Chen v. Stewart*, 2005 UT 68, ¶ 50, 123 P.3d 416 (citation and internal quotation marks omitted).

¶8     Citing *Campbell v. Union Savings & Investment Co.*, 226 P. 190 (Utah 1924), the Trust asserts that when an appeal challenges

an adjudication of title to real property, the appellant must demonstrate an interest in the property at issue. In *Campbell*, the Utah Supreme Court stated that if "the defendant has shown no right to or interest in the premises, . . . how can it be heard to complain that the court erred in adjudging plaintiff to be the owner as against the defendant? Certainly plaintiff's title, however defective it may be, is nevertheless ample to withstand" the defendant's challenge in those circumstances. *Id.* at 193; *see also Pender v. Bird*, 224 P.2d 1057, 1060 (Utah 1950) (concluding that "the plaintiff's connection with the record title was through a deed which conveyed nothing," and therefore the plaintiff "had no standing in court to object to a decree quieting defendants' title against him," and likewise "ha[d] no standing in this court to attack the decree, since he proved no title in the court below").

¶9      The Trust thus asserts that, under Utah law, "[w]hen a party has failed to show any legally cognizable interest [in] the subject property, [it] cannot contest [on appeal] the title of another party." Applying this principle, the Trust contends that, given the Brands' "concession that the Subject Property does not fall within their chain of title and their failure to present any admissible evidence to the court below of any interest on the part of their quitclaim grantor," the Brands lack any legally cognizable interest and therefore lack standing on appeal.

¶10     Because of the Trust's challenge, it is incumbent upon the Brands to demonstrate how they are aggrieved by the district court's judgment and how possession of a quitclaim deed from an alleged heir of Frances Woodward provides sufficient interest in the matter to invoke this court's jurisdiction, particularly when the deed offers only the unexplored possibility of legal or equitable title, and when the district court has ruled that no evidence suggests the quitclaim deed conveyed any interest in the subject property. While the Brands summarily assert that they have an interest in the subject property (or that they *may* have an interest in the subject property) and that their attempts

to establish that interest were cut off by the district court's summary judgment ruling, those assertions do not address the question of whether that alleged interest is sufficient to establish standing to pursue this appeal.

¶11 Moreover, the Brands' analysis on this issue is limited to citing the traditional criteria used to determine a plaintiff's personal stake in a controversy, and asserting that they had an interest sufficient to confer standing in the district court. The Brands fail to put forward any legal authority or analysis that responds to the specific argument the Trust has made regarding the Brands' standing on appeal—that, under the attendant circumstances, the quitclaim deed from Andrew Woodward does not confer a sufficient interest to allow the Brands to invoke this court's jurisdiction to challenge the district court's ruling regarding ownership of the subject property.

¶12 It may be that the Brands have a sufficient interest in the subject property to challenge the district court's ruling. But were we to so conclude, we would be constructing from whole cloth legal analysis on the issue that cannot be found in the Brands' appellate briefing and to which the Trust would have had no opportunity to respond. *See Living Rivers v. Executive Dir. of the Utah Dep't of Envtl. Quality*, 2017 UT 64, ¶¶ 43, 51 (explaining that an appellant may not "dump the burden of argument and research onto [a reviewing] court," and that an appellate court "will not independently root around in the record to try to figure out" answers to important questions not briefed by the party whose burden it was to address them, because to do so would contravene "appellate efficiency" and "our adversarial system of justice" (citation and internal quotation marks omitted)). The burden is on the Brands to "cite the legal authority on which [their] argument is based and then provide reasoned analysis of how that authority should apply" to the standing question, "including citations to the record where appropriate." *See Bank of America v. Adamson*, 2017 UT 2, ¶ 13, 391 P.3d 196. Applying that standard, we hold that the Brands have failed to meet their

burden of establishing standing on appeal to challenge the district court's adjudication of title. *See, e.g.*, *Kemp v. Wells Fargo Bank, NA*, 2013 UT App 88, ¶ 9, 301 P.3d 23 (expressing "no opinion as to whether [the appellant] in fact has standing," but concluding that the appellant "failed to carry his burden of establishing that he has standing to invoke our jurisdiction to address the merits of his appeal").

¶13　The Brands assert, in the alternative, that they have standing to challenge the district court's ruling dismissing without prejudice the Trust's additional claims of trespass, conversion, damage and/or destruction to property, and slander of title. The Brands contend the district court should have resolved them "on their merits one way or the other incident to the . . . Trust's claim of title" rather than leaving the claims to be resolved in a subsequent proceeding.

¶14　The Brands' contentions—that the district court's dismissal of the Trust's claims against them should have been with prejudice, as opposed to without, and that the district court should have rendered judgment on the merits of those claims— are the types of assertions the Brands plainly have standing to assert on appeal, demonstrating both aggrievement by the district court's judgment for purposes of appellate standing, *see Chen v. Stewart*, 2005 UT 68, ¶ 50, 123 P.3d 416, as well as the traditional requirements for standing in the district court, *see Utah Chapter of the Sierra Club v. Utah Air Quality Board*, 2006 UT 74, ¶ 19, 148 P.3d 960. But the Brands' arguments fail on the merits.

¶15　The Trust represented in the district court that, following the court's summary judgment ruling regarding the Trust's title to the subject property, the Trust would voluntarily dismiss its additional claims. As the Trust noted, the only basis for dismissal of those claims was the Trust's "willingness to forego adjudication of [them] to permit immediate entry of a final judgment."

¶16    The Brands assert that those additional claims fail on the merits, but they present no legal basis for concluding that when granting summary judgment on one claim a district court must reach the merits of the prevailing party's additional claims, which the prevailing party is willing to dismiss to obtain a final judgment. As noted above, "[a] party must cite the legal authority on which its argument is based and then provide reasoned analysis of how that authority should apply in the particular case, including citations to the record where appropriate." *See Bank of America*, 2017 UT 2, ¶ 13. The Brands have thus failed to carry their burden of persuasion that the district court erred in this regard. *See id.* Consequently, we affirm the judgment of the district court dismissing without prejudice the Trust's additional claims set forth above. In all other respects, we dismiss the Brands' appeal.

————